EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| Franco Luis Román Quiles y Yolanda Nieves Vargas<br><br>Peticionarios<br><br>Ex parte | Certiorari<br><br>2025 TSPR 45<br><br>215 DPR ___ |

Número del Caso:  CC-2024-0200


Fecha:  30 de abril de 2025


Tribunal de Apelaciones:

     Panel XI


Representante legal de la parte peticionaria:

     Lcdo. Edwin Colón Prats


Materia:  Ley del Registro de la Propiedad Inmobiliaria, Ley Núm. 210-2015 – No procede exigir una certificación jurada de mensura al promovente de un expediente de dominio que procure la inmatriculación de una finca independiente cuando este: (1) haya alegado que carece del título; y (2) de la petición jurada y prueba presentada surja alguna mensura en la que conste la cabida y las colindancias.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Franco Luis Román Quiles
y Yolanda Nieves Vargas          CC-2024-0200          Certiorari

    Peticionarios

      Ex parte

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 30 de abril de 2025.

En esta ocasión tenemos la oportunidad de evaluar si procedía que, conforme al Art. 185(1)(i) de la Ley Núm. 210-2015, infra, el Tribunal de Primera Instancia le ordenara a la parte peticionaria de un procedimiento de expediente de dominio la acreditación de la cabida y de las colindancias de una finca independiente mediante una *Certificación juramentada de mensura* expedida por un agrimensor. Resolvió lo anterior aun cuando se alegó la carencia del título y se proveyó un plano preparado por un agrimensor que demuestra alguna mensura según postula el Art. 185(1)(b) conocida como la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, (30 LPRA sec. 6291(1)(b)) (Ley Núm. 210).

Asimismo, debemos aclarar las personas o entidades a quienes, acorde con el Art. 185(2) de la Ley Núm. 210, la parte peticionaria está obligado a notificarle el procedimiento y aquellas a quienes el tribunal está compelido a ordenar su citación. En esa coyuntura debemos resolver si procede una orden para que entidades de servicios de utilidad pública sean notificadas o que estas sean citadas por órdenes del tribunal.

Por los fundamentos que expondremos a continuación, resolvemos que es improcedente que el Tribunal de Primera Instancia exija una *Certificación jurada de mensura expedida por un agrimensor licenciado* al promovente de un expediente de dominio que procure la inmatriculación de una finca independiente cuando este: (1) haya alegado que carece del título; y (2) de la petición jurada y prueba presentada surja alguna mensura en la que conste la cabida y las colindancias en el sistema métrico decimal según lo exigen los Arts. 23(A)(2) y 185(1)(b) de la Ley Núm. 210, (30 LPRA sec. 6038(A)(2)).

A su vez, los tribunales deben ceñirse a lo dispuesto en el Art. 185 de la Ley Núm. 210, tanto para los requisitos sustantivos como para los procesales que interpela el procedimiento del expediente de dominio. En cuanto a los requisitos procesales, resolvemos que no procede que el promovente de un expediente de dominio notifique ni que el tribunal le ordene a este que, conforme a la Ley Núm. 143 de 20 de julio de 1979 conocida como *Ley de Servidumbres Legales de Servicio Público*, 27 LPRA sec. 2151 *et seq.* (Ley Núm. 143), diligencie una citación para las entidades que ofrecen los servicios de utilidad pública.

I

El 9 de junio de 2023, el Sr. Franco Luis Román Quiles, la Sra. Yolanda Nieves Vargas y la Sociedad Legal de Gananciales compuesta por ambos (peticionarios) presentaron una *Petición* de expediente de dominio ante el Tribunal de Primera Instancia para que se declarara justificado a su favor el pleno dominio de la siguiente finca:

> Rústica localizada en el Barrio Cibao de San Sebastián, Puerto Rico con una cabida superficial de 1695.3254 metros cuadrados de superficie. En lindes con el norte, con William López Nieves; sur, con carretera 455; este, con Alcides Ortiz Rodríguez; y oeste, con Orlando Fernández Quiles.
>
> Contiene una estructura dedicada a vivienda.[1]

Además, alegaron que la propiedad descrita no consta inscrita en el Registro de la Propiedad; que está libre de cargas y gravámenes; que tiene un valor actual de $150,000.00; que el número de codificación de la finca, según aparece en el Centro de Recaudaciones de Ingresos Municipales (CRIM), es el 101-036-377-05-000; y que carecen de título inscrito y escrito que pueda ser inscrito en el Registro de la Propiedad. Por esto último, explicaron que adquirieron la propiedad del Sr. Julio Nieves Vélez mediante un contrato privado, pero este se había extraviado. A su vez, expusieron que el Sr. Carmelo Nieves y la Sra. Amparo Vélez fueron los dueños anteriores al señor Nieves Vélez. Señalaron que, junto con estos, han poseído la propiedad, la cual ha mantenido la misma cabida y configuración, de manera quieta, pública, pacífica, continua, de buena fe y con justo título por más de cuarenta y un años, por lo que no se requería

---

[1] Petición, Apéndice de la Petición de *certiorari*, págs. 33-35.

aprobación de la Junta de Planificación de Puerto Rico o alguna otra agencia.

Igualmente, los peticionarios notificaron que, para la vista en su fondo y en cumplimiento con el Art. 185(1)(k) de la Ley Núm. 210, presentarían la prueba pertinente siguiente: (1) prueba testifical acreditativa de la descripción, titularidad, tiempo de posesión en concepto de dueño; (2) copia del plano de mensura para acreditar la descripción y cabida; (3) Certificación del Registro de la Propiedad para acreditar que la finca no estaba inscrita a nombre de otra persona; (4) Certificación del CRIM para acreditar el número de catastro; (5) Evidencia de envío de copia de la petición en sobre certificado a las personas que están en posesión de las fincas colindantes, al Secretario del Departamento de Transportación y Obras Públicas (DTOP), al Alcalde de San Sebastián (Alcalde) y al Fiscal de Distrito de la Región Judicial de Aguadilla (que, a su vez, certificó en la petición haber enviado copia); (6) Declaración Jurada para acreditar la publicación de tres edictos, en un término de veinte días en el periódico Primera Hora (para lo cual solicitaron la autorización para citar por edicto al Sr. Julio Nieves Vélez, inmediato dueño anterior el cual se desconocía o se ignoraba su paradero); (7) Carta del DTOP para acreditar que no objetaba el expediente de dominio.

Examinado el escrito, el **10 de julio de 2023**, el Tribunal de Primera Instancia emitió la orden siguiente:

1. El presente caso **carece** de la siguiente prueba documental:

   ☐ Certificación del Registro de la Propiedad
   ☒ Certificación de Valores Contributivos del CRIM;
   ☐ Plano de mensura […]
   ☒ Certificación de mensura
   […]

☒ Otro: Proyecto de edicto y citaciones, de conformidad con el modelo adjunto, **dirigidos a <u>TODAS</u> las personas y/o entidades que se indican en el acápite 2 de la presente orden**.

2. Se ordena que **notifique**:
   a. **Personalmente o por correo certificado** con copia de su escrito a:
      i.   Alcalde del Municipio en que radiquen los bienes
      ii.  Secretario de Transportación y Obras Públicas
      iii. Fiscal de Distrito
      iv.  Departamento de Recursos Naturales de Puerto Rico (De existir cuerpos de agua en alguna de las colindancias)
      v.   Autoridad de Energía Eléctrica (Luma Energy) (Ley 143 del 20 de julio de 1979, según enmendada)
      vi.  Autoridad de Acueductos y Alcantarillados (Ley 143 del 20 de julio de 1979, según enmendada)
      vii. Negociado de Telecomunicaciones de PR (Ley 143 del 20 de julio de 1979, según enmendada).[2]

Además, mediante el inciso (b) del acápite dos, el tribunal ordenó la citación personal al inmediato dueño anterior o sus herederos en caso de que la transmisión no constara en escritura pública y aquellos que tuvieran algún derecho real sobre la finca objeto del procedimiento. Finalmente, ordenó la citación por edicto de las personas ignoradas, desconocidas o ausentes a quienes les pueda perjudicar la inscripción. El Tribunal de Primera Instancia le concedió diez días a los peticionarios para someter los documentos y les anejó un **modelo de proyecto de edicto y otro de citación**. En cuanto a este último modelo, y en lo pertinente, este dispone lo siguiente:

**CITACIÓN**

[…]}

A: (PREPARAR UNA CITACION INDIVIDUAL PARA CADA UNA DE LAS PARTES, FISCAL, DTOP, MUNICIPIO INCLUYENDO LOS COLINDANTES, ETC.)

---

[2] Orden, Apéndice de la Petición de *certiorari*, págs. 37-38. (Énfasis en el original).

Por la presente se le notifica que se ha presentado ante este Tribunal el expediente arriba titulado, con el fin de justificar e inscribir en el Registro de la Propiedad de _____, Puerto Rico, a favor de la parte peticionaria el derecho de dominio que alega tener sobre la finca que se describe a continuación:

R[Ú]STICA: (descripción de la propiedad)

Número de catastro:
            **El abogado de la parte peticionaria es el Lcdo.** _____, PO Box _____; Tel. _____.

También se le informa que el Tribunal ha señalado una vista en este caso para el ____ de _____ de 20____, a las _____, mediante videoconferencia a la cual usted puede comparecer asistido por abogado y presentar oposición a la petición.

Se le notifica a usted que este Tribunal ha ordenado su citación, para que presente oposición a este expediente, si se viesen perjudicados con la inscripción que se solicita; advirtiéndole que de no hacerlo dentro del término de veinte (20) días a contar desde que fuera usted notificado de esta citación, la parte peticionaria podrán solicitar y obtener la aprobación de este expediente de dominio y la correspondiente inscripción a su nombre en el Registro de la Propiedad de Puerto Rico, Sección _____, el dominio de la finca anteriormente descrita. […] Si usted deja presentar su alegación dentro del referido término, el Tribunal podrá dictar sentencia, previo escuchar la prueba de valor de la parte peticionaria, sin más citarle ni oírle, y conceder el remedio solicitado en la Petición, si el Tribunal, en el ejercicio de su sana discreción, lo entiende procedente.[3]

Los peticionarios presentaron un escrito intitulado *Cumplimiento de Orden* con el cual afirmaron que anejaron un plano de mensura preparado por el agrimensor Edwin Olivencia Rodríguez que acredita la mensura e informaron que habían enviado los proyectos para citación por edictos ordenados. A su vez, solicitaron tiempo adicional para presentar la *Certificación de valores del CRIM* porque la agencia los citó luego de vencido el término de diez días concedido. En ese escrito, los peticionarios señalaron que el Art. 185(1)(c) de la Ley Núm. 210, solo exige que se provea, y así se había cumplido en la Petición de

---

[3] Modelo de citación, Apéndice de la Petición de *certiorari*, pág. 41.

expediente de dominio, el "número de catastro según aparece en el [CRIM]".

El **19 de julio de 2024**, el Tribunal de Primera Instancia concedió una prórroga de veinte días para que los peticionarios presentaran: la *Certificación de valores contributivos* del CRIM; *Certificación jurada de mensura* expedida por el agrimensor en la cual se certificara el modo de citación para los colindantes; y los Proyectos de citaciones dirigidos al Alcalde de San Sebastián, el Fiscal de Distrito, Secretario del DTOP, LUMA, la AAA y al Negociado de Telecomunicaciones, a los vecinos colindantes, los señores William López Nieves, Alcides Ortiz Rodríguez y Orlando Fernández Quiles.[4] Transcurrido el plazo, los peticionarios solo cumplieron con la presentación de la *Certificación de valores contributivos* del CRIM.[5]

En atención a esto, el 23 de agosto de 2023 el Tribunal de Primera Instancia dio por cumplida parcialmente lo ordenado y les requirió a los peticionarios que en un término de diez días mostraran causa por la cual no debía imponerle una sanción de veinticinco dólares por incumplir con las órdenes de los días 10 y 19 de julio de 2023.[6]

Los peticionarios presentaron un escrito titulado *Cumplimiento suplementario de orden*,[7] en el cual argumentaron que conforme al Art. 185(i) de la Ley Núm. 210, era innecesario presentar la *Certificación jurada de mensura* porque la finca

---

[4] Orden, (Solicitud de prórroga [para] presentar prueba requerida), Apéndice de la Petición de *certiorari*, pág. 46.

[5] Cumplimiento de orden, Apéndice de la Petición de *certiorari*, págs. 47-47A.

[6] Véase tracto procesal del expediente, Apéndice de la Petición de *certiorari*, págs. 48-50.

[7] Cumplimiento suplementario de orden, Apéndice de la Petición de *certiorari* págs. 51-59.

objeto del expediente de dominio se ha mantenido con la misma configuración hace más de cuatro décadas, es decir en exceso del término de prescripción adquisitiva que dispone el ordenamiento jurídico.

En cuanto a la notificación de la *Petición* a LUMA y a la AAA, los peticionarios argumentaron que de la Ley Núm. 210, ni de la Ley Núm. 143, se requiere que se le notifique a estas entidades sobre los procedimientos de expedientes de dominio. Con relación a LUMA abundó que es una entidad privada que no le aplica la Ley Núm. 143.

Luego de varios meses, el Tribunal de Primera Instancia notificó una *Sentencia* mediante la cual declaró *no ha lugar* la *Petición* y ordenó la desestimación sin perjuicio.[8] Primero, el Tribunal de Primera Instancia esbozó que el Art. 185 de la Ley Núm. 210, dispone que la petición debe contener la descripción exacta de la propiedad de acuerdo con los títulos presentados pero, como el documento privado sobre la compraventa se extravió, no se ha presentado título alguno. A juicio del Tribunal de Primera Instancia, el referido articulado dispone que, de haberse practicado alguna mensura, la petición debe contener la cabida y colindancias. De modo que, para acreditar la cabida, era preciso incluir una *Certificación juramentada de mensura* expedida por un agrimensor. Sin embargo, los peticionarios no la presentaron. El Tribunal de Primera Instancia expresó que este requisito del Art. 185(1)(i) de la Ley Núm. 210, de que en la petición se alegue que la finca mantuvo la misma cabida y configuración durante los términos prescriptivos del dominio de bienes

---

[8] Sentencia del Tribunal de Primera Instancia, Apéndice de la Petición de *certiorari*, págs. 27-32.

inmuebles, depende necesariamente de que la cabida y configuración surjan de la mensura que se practique.

En lo concerniente a la notificación a LUMA y a la AAA, el Tribunal de Primera Instancia concluyó que el Art. 185 de la Ley Núm. 210, requiere que se cite a quien quiera que tenga un derecho real sobre la finca objeto del procedimiento y que, conforme a la Ley Núm. 143, el paso de energía eléctrica y de las instalaciones de acueductos y alcantarillados son servidumbres legales que tienen eficacia real.

Oportunamente, los peticionarios apelaron la decisión ante el Tribunal de Apelaciones y argumentaron que el Tribunal de Primera Instancia erró al desestimar la *Petición* de expediente de dominio por incumplir con la orden de presentar la *Certificación juramentada de mensura* y los proyectos de citaciones.

El Tribunal de Apelaciones acogió el recurso como *certiorari* y emitió una *Resolución* mediante la cual denegó su expedición.[9] El Tribunal de Apelaciones concluyó que el expediente no demuestra que existan razones para intervenir porque el foro primario actuó conforme a la sana discreción que le asiste en este tipo de procedimiento. En desacuerdo, los peticionarios recurrieron ante esta Curia y, en esencia, plantearon que el Tribunal de Apelaciones erró al no expedir el recurso de *certiorari* toda vez que el Tribunal de Primera Instancia erró al no actuar conforme los parámetros del Art. 185 de la Ley Núm. 210. Evaluado el *Alegato* de los peticionarios,

---

[9] Resolución del Tribunal de Apelaciones, Apéndice de la Petición de *certiorari*, págs. 60-69.

estamos listos para resolver, no sin antes exponer el derecho aplicable.

## II

### A. Expediente de dominio

En nuestro derecho inmobiliario, la inmatriculación es "el ingreso de una finca en el Registro de la Propiedad, acto que normalmente se efectúa mediante la primera inscripción de dominio a favor del inmatriculante".[10] Por ello, el Art. 21 de la Ley Núm. 210 dispone que "[l]a primera inscripción de cada finca será de dominio".[11] En su artículo predecesor, la Ley Hipotecaria, infra, instruía que "el titular de cualquier derecho real impuesto sobre finca cuyo dueño no hubiere inscrito su dominio podrá solicitar la inscripción de su derecho[…]".[12] Eso no ha cambiado. Recuérdese que el dominio es cuando el derecho de propiedad recae sobre cosas.[13] A su vez, "[l]a propiedad es el derecho por virtud del cual una cosa pertenece en particular a una persona con exclusión de cualquiera otra. La propiedad concede el derecho de gozar y disponer de las cosas sin más limitaciones que las establecidas en las leyes".[14] Por lo tanto, cuando el Art. 21 expone que el primer asiento de inscripción "será de dominio" es que lo primero que se debe inscribir en el

---

[10] Ex parte *Torres Pérez*, 2025 TSPR 5, 215 DPR ___ (2025); Rivera Rivera, Luis Rafael, *Derecho Registral Inmobiliario Puertorriqueño*, San Juan, PR, Jurídica Editores, 3ra ed. (2012), pág. 338.

[11] Ex parte *Torres Pérez*, *supra*; Art. 21 de la Ley Núm. 210-2015 conocida como *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*,(30 LPRA sec. 6036) (Ley Núm. 210).

[12] Art. 81 de la Ley Núm. 198 de 8 de Agosto de 1979, conocida como *Ley Hipotecaria y del Registro de la Propiedad*, (Ley Hipotecaria) (30 LPRA ant. sec. 2302).

[13] Art. 741 de la Ley Núm. 55-2020, conocida como *Código Civil de Puerto Rico de 2020*, 31 LPRA sec. 7951 (Código Civil de 2020).

[14] Íd.

Registro de la Propiedad es el derecho de propiedad que tiene un titular sobre la cosa adquirida, ya sea una finca, parcela, un inmueble, predio, fundo o solar.[15]

Aunque existen varios mecanismos para efectuar la inmatriculación de una finca en el Registro de la Propiedad,[16] la controversia ante nuestra consideración está enmarcada en el procedimiento de expediente de dominio.

El expediente de dominio es un trámite judicial que, de ordinario, es de jurisdicción voluntaria o *ex parte* utilizado para los casos en que el propietario carezca de título inscribible de dominio.[17] Este procedimiento se mantendrá *ex parte* en la medida en que no se genere una contienda entre partes conocidas y determinadas.[18] La finalidad del expediente de dominio es que el tribunal declare justificado o no el dominio de la finca que el promovente pretende inscribir y no puede utilizarse este mecanismo para declarar derechos, por lo que "no equivale a una acción declaratoria de usucapión".[19] Por lo tanto, su resolución no adquiere carácter de cosa juzgada y nada impide que se realice un juicio declarativo posterior a instancia de las partes interesadas.[20]

---

[15] Rivera Rivera, op. cit. pág. 337.

[16] Existen otros medios inmatriculadores, a saber: el juicio ordinario y contradictorio, la certificación administrativa, la resolución judicial en el proceso de expropiación forzosa y el trámite de derecho en finca no inscrita. Rivera Rivera, op. cit.

[17] Art. 185 de la Ley Núm. 210(30 LPRA sec. 6291).

[18] *Álvarez Rivera v. Registrador*, 84 DPR 229, 230 (1961); *Benítez v. Registrador*, 71 DPR 563, 568 (1950). Véase, *González v. El Pueblo*, 10 DPR 483 (1906).

[19] Ex parte *Torres Pérez*, *supra*; *Rivera Rivera*, op. cit.; *Toro v. Registrador*, 25 DPR 472, 476 (1917). Véase Art. 191 de la Ley Núm. 210 (30 LPRA sec. 6297). Actualmente, los Arts. 777 al 795 del Código Civil de 2020 (31 LPRA sec. 8021 al 8039), regulan la figura jurídica de la usucapión y a través del Art. 795 el ordenamiento jurídico enmarca la acción declaratoria de usucapión.

[20] *Rodríguez v. Registrador*, 75 DPR 712 (1953).

**B. Formalidades sustantivas del expediente de dominio**

Las formalidades del procedimiento del expediente de dominio están reguladas por los Arts. 185-194 de la Ley Núm. 210, para que todo propietario que carezca de título inscribible pueda inmatricular su predio.[21] La parte promovente del expediente de dominio cumplirá con los requisitos legales que emanan del Art. 185(1) de la Ley Núm. 210, a saber:

> Todo propietario que **carezca de título inscribible de dominio**, podrá inscribirlo si cumple con los siguientes requisitos:
>
> 1. **Presentará un escrito jurado** en la sala del Tribunal de Primera Instancia correspondiente al lugar en que **radiquen los bienes,** o en la de aquél en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. […]. El escrito contendrá las siguientes alegaciones:
>
> a. **Nombre y circunstancias personales del promovente y de su cónyuge,** si lo tuviera, al momento de adquirir la propiedad y al momento de hacer la solicitud, si hubiera alguna diferencia.
>
> b. **La descripción exacta de la propiedad con sus colindancias y cabida de acuerdo [con] los títulos presentados. De haberse practicado <u>alguna</u> mensura, deberá contener la cabida y colindancias que hayan resultado de la misma.** […]
>
> c. <u>**Número**</u> **de Catastro** según aparece en el Centro de Recaudación de Ingresos Municipales.
>
> d. **Expresión de que la finca,** así como las fincas constituyentes en caso de tratarse de una agrupación, o la finca de la que proviene si se trata de una segregación, **no constan inscritas en el Registro de la Propiedad.**
>
> e. **Una relación de las cargas** que gravan la finca por sí o por su procedencia. En caso **de no existir cargas, se expresará que está libre de cargas.**
>
> f. **Una relación de los anteriores dueños conocidos con expresión de las circunstancias personales del inmediato anterior dueño.**
> g. **El modo en que adquirió del inmediato anterior dueño.**
>
> h. **El tiempo que el promovente y los dueños anteriores han poseído la propiedad de manera pública, pacífica, continua y a título de dueños.**

---

[21] Rivera Rivera, op cit.

     i. **El hecho de que la finca**, o en caso de agrupación, las que la componen, **mantuvieron la misma cabida y configuración durante los términos que disponen los Artículos 1857 y 1859 del Código Civil de Puerto Rico para que operen los efectos de la prescripción adquisitiva.** Si la finca resulta ser una segregación de una finca de mayor cabida que consta inscrita, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción. No constituirá justo título a los efectos de este Artículo, un título de dominio sobre una porción pro indivisa en una finca no segregada, ni el título que recae sobre una finca segregada de una finca inscrita en el registro.

     j. El valor actual de la finca.

     k. Las pruebas legales que se dispone a presentar.

     l. Las demás alegaciones que en derecho procedan en cada caso. […] (Negrillas suplidas).

A raíz del alto interés público que representan, hemos expresado que los requisitos legales del Art. 185 de la Ley Núm. 210 son esenciales y de cumplimiento estricto tanto para el procedimiento *ex parte* como el trámite judicial adversativo.[22] El listado concebido en el Art. 185(1)(a)-(l) de la Ley Núm. 210, básicamente atiende las alegaciones que debe contener la Petición jurada del expediente de dominio que, a su vez y eventualmente, el promovente tendrá que anunciar la prueba y presentar la evidencia correspondiente en la vista en su fondo.

Una de las controversias ante nuestra consideración nació del inciso (1)(b) del Art. 185 de la Ley Núm. 210. Este establece que la Petición debe contener: "b. La descripción exacta de la propiedad con sus colindancias y cabida de acuerdo [con] los títulos presentados. De haberse practicado **alguna mensura**, deberá contener la cabida y colindancias que hayan resultado de la misma".[23] El Tribunal de Primera Instancia ordenó la presentación

---

[22] Ex parte *Torres Pérez*, *supra*; Ex parte *Nieves Osorio*, 127 DPR 907, 909 (1991); *Álvarez Rivera v. Registrador*, supra; *Rivera Rivera*, op. cit.

[23] (Negrillas suplidas).

de una certificación juramentada de mensura porque, ante la ausencia de título, necesariamente había que practicarla.

Nótese que la **primera** oración de este inciso (b) parte de la premisa que el promovente presentó un título que, en efecto, contiene la descripción exacta de la propiedad con sus colindancias y a través del expediente de dominio lo que procura es lograr la inmatriculación de la finca. Entretanto, la **segunda** oración del inciso (1)(b) del Art. 185 de la Ley Núm. 210, expone "[d]e haberse practicado **alguna** mensura, deberá contener la cabida y colindancias que hayan resultado de la misma".[24] Obsérvese que de esta oración no surge que la descripción tiene que ser exacta tal como en la petición del expediente de dominio en que se haya presentado un título (que no consta inscrito).

Lo anterior es cónsono con el Art. 191 de la Ley Núm. 210, (30 LPRA sec. 6297) en cuanto a que "[e]n el expediente para acreditar el dominio **no se podrá exigir** al promovente **que presente el título de adquisición** de la finca o derecho **cuando ha alegado que carece del mismo**".[25] Igualmente, de acuerdo con el

---

[24] (Negrillas suplidas).

[25] Regla 185.3 del *Reglamento General para la Ejecución de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico* de 31 de agosto de 2016, Reglamento Núm. 8814, (Reglamento Núm. 8814), pág. 45, dispone lo siguiente:

"En el expediente para acreditar el dominio **no se podrá exigir** del que lo promueva **que presente el título de adquisición** de la finca o derecho **cuando ha alegado que carece del mismo**". (Negrillas suplidas).

Destáquese el hecho de que en el derogado *Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad*, Reglamento Núm. 2674, según enmendado, aprobado el 9 de julio de 1980, establecía en su Art. 194.1 exactamente lo que dispone la Regla 185.3 del Reglamento Núm. 8814. Igualmente, el Art. 193.1 del derogado cuerpo reglamentario reconocía que "[e]l propietario de finca no inmatriculada **tenga o no título escrito**, podrá obtener la publicidad de su derecho acreditando su adquisición y solicitando la inmatriculación de la finca con sujeción a lo dispuesto en el artículo 237 de la Ley. Aunque el Reglamento Núm. 8814 no contiene esta última disposición, si el promovente no tiene título no se le puede exigir que lo presente. Sin embargo, en cuanto al asunto de la cabida, tanto el Art. 185(1)(b) de la Ley Núm. 210 y el Art. 237(2) de la Ley Hipotecaria (30 LPRA ant. sec. 2761), el promovente de un expediente de dominio tenía que consignar "la descripción exacta de la propiedad con sus colindancias y cabida de acuerdo [con]

Art. 23(A)(2) de la Ley Núm. 210 (30 LPRA sec. 6038(A)(2)), la primera inscripción de toda finca debe expresar en la **forma más abreviada**, entre otros: "[l]a naturaleza, situación y **linderos** de los inmuebles objeto de la inscripción, o a los cuales afecte el derecho que deba inscribirse, y **sus medidas superficiales expresadas en el sistema métrico decimal**".[26]

A esto se le añade que el profesor Luis Rivera Rivera explica la relevancia de la cabida en un procedimiento de expediente de dominio y qué procede en caso de una consignación de mensura incorrecta:

> La cabida es la medida superficial y una de las distintas circunstancias que se utiliza entre otras para delimitar la finca en el Registro de la Propiedad. Cuando la consignación de esta cabida es incorrecta pueden publicarse la verdadera [cabida] utilizando el procedimiento rectificador adecuado. El [actual Art. 195 de la Ley Núm. 210] especifica como medio de rectificación de los límites superficiarios la sentencia firme dictada en un procedimiento ordinario de deslinde judicial o fijación de cabida. Los restantes procedimientos, judiciales o notariales, siguen uno u otro cauce según se trate de disminuciones o aumentos de cabidas.[27]

Con relación a la cabida hemos resuelto que para inscribir un inmueble objeto de un expediente de dominio es un elemento esencial hacer constar la medida superficial en el sistema métrico decimal.[28] De lo contrario, la Petición de expediente de dominio podría ser desestimada y archivada sin perjuicio.[29]

---

los títulos presentados, si los hubiere; y de haberse practicado alguna mensura, la cabida y colindancias que hayan resultado" y cumplir con los requisitos de la primera inscripción que surgía del Art. 87 de la Ley Hipotecaria (actualmente el Art. 23 de la Ley Núm. 210).

[26] Además, este Art. 23(A)(2) de la Ley Núm. 210 (30 LPRA sec. 6038(A)(2)) postula que "[p]odrá incluir el nombre y número si constan del título, consignando además todas aquellas especificaciones que conduzcan a la completa identificación del inmueble".

[27] Rivera Rivera, op. cit. pág. 391.

[28] *Madera Meléndez v. Negrón*, 103 DPR 749 (1975).

[29] Íd.

Ahora bien, de haber una consignación incorrecta, como explicó el profesor Rivera Rivera, se puede rectificar la cabida mediante procedimiento ordinario de deslinde judicial o fijación de cabida que dispone el Art. 195 de la Ley Núm. 210,[30] o mediante los otros procedimientos rectificadores de los límites superficiarios. Esto es, escritura pública o expediente de dominio, que seguirán uno u otro cauce según se trate de disminuciones o aumentos de cabidas tal como lo postula el articulado.[31]

En estos casos, la mensura que realice la parte interesada tomará "como punto de partida la última cabida de la finca que consta en el registro"[32] y se acreditará la cabida de la **finca inscrita** con una "certificación de mensura juramentada ante notario expedida por el agrimensor licenciado que la efectuó y

---

[30] Véanse Arts. 829-832 del Código Civil de 2020(31 LPRA secs. 8132-8135) sobre acción imprescriptible de deslinde.

[31] El Art. 195 de la Ley Núm. 210, (30 LPRA sec. 6311) establece lo siguiente:

"La rectificación de cabida de **todas las fincas inscritas** podrá hacerse constar en el Registro por cualquiera de los siguientes medios:

1. **Mediante sentencia firme** dictada en un procedimiento ordinario de **deslinde judicial o fijación de cabida**.

2. **Por escritura pública** cuando se trate de disminución de cabida irrespectivamente de la cantidad de la disminución o en casos de exceso de cabida no mayor del veinte por ciento (20%) de la cabida registrada. Es requisito indispensable llevar a cabo una mensura técnica con arreglo a la Ley Núm. 173 de 12 de agosto de 1988 y la Ley Núm. 319 de 15 de mayo de 1938, según enmendadas y a lo dispuesto en el Artículo siguiente. En todo caso de disminución de cabida será preciso acreditar además la autorización de la agencia gubernamental o municipal correspondiente.

3. **Mediante expediente de dominio**, por todo el exceso, cuando éste sea mayor del veinte por ciento (20%). En estos casos se citará el dueño anterior inmediato aunque haya trasmitido por escritura pública. En los casos en que el Departamento de la Vivienda es el titular de la finca o es quien haya otorgado el título, la rectificación de cabida por el exceso del veinte por ciento (20%) podrá realizarse mediante escritura pública y la oportuna mensura técnica acreditada con arreglo a lo dispuesto en esta Ley, y a la Ley Núm. 173 de 12 de agosto de 1988 y la Ley Núm. 319 de 15 de mayo de 1938, según enmendadas". (Negrillas suplidas).

[32] Art. 196 de la Ley Núm. 210 (30 LPRA sec. 6312).

donde este hará constar los nombres y modo de citación de los propietarios colindantes".[33]

De manera que, ante la alegación de falta de título de adquisición -que es una de las razones para acudir al mecanismo del expediente de dominio- será suficiente que el promovente alegue y presente prueba de **alguna mensura** que haga constar la cabida o medida superficial en el sistema métrico decimal de la finca independiente que se pretende inscribir por primera vez.[34]

Por otro lado, en cuanto al inciso (1)(i) del Art. 185 de la Ley Núm. 210, este establece que es un requisito alegar "el hecho de que la finca, o en caso de agrupación, las que la componen, mantuvieron la misma cabida y configuración durante los términos para [...] que operen los efectos de la prescripción adquisitiva". En este punto es medular señalar que los Arts. 1857 y 1859 del derogado Código Civil de 1930, (31 LPRA ant. secs. 5278 y 5280) que alude el inciso (1)(i) del Art. 185 de la Ley Núm. 210, fueron reemplazados por el Art. 788 de la Ley Núm. 55-2020, conocida como el Código Civil de Puerto Rico de 2020 (31 LPRA sec. 8032) (Código Civil de 2020). De modo que, al presente, el referido Art. 788 dispone que el término para la prescripción adquisitiva de una propiedad o "[l]a usucapión de un bien inmueble exige la posesión durante diez (10) años con justo título y buena fe, o durante veinte (20) años sin necesidad de título ni buena fe".

Ahora, si la finca que se pretende inscribir mediante un expediente de dominio "resulta ser una segregación de una finca de mayor cabida que **consta inscrita**, la segregación tiene que

---

[33] Arts. 195 y 197 de la Ley Núm. 210 (30 LPRA secs. 6311 y 6313).

[34] Art. 191 de la Ley Núm. 210.

haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción".[35] Por otro lado, recientemente, en Ex Parte *Torres Pérez*, 2025 TSPR 5, 215 DPR __ (2025), resolvimos que si la finca que se pretende inscribir resulta ser una segregación de una finca de mayor cabida que **no consta inscrita**, no procede exigirle al promovente del procedimiento de expediente de dominio la aprobación de la agencia gubernamental correspondiente mediante plano de inscripción toda vez que dicho fundo debe considerarse como una finca independiente.

De hecho, en Ex Parte *Torres Pérez*, contemplamos el escenario de cuando el promovente procuraba la inscripción de una finca independiente con el expediente de dominio. En esa oportunidad reconocimos que -al amparo del Art. 237(9) de la Ley Núm. 198 de 8 de agosto de 1979, conocida como *Ley Hipotecaria y del Registro de la Propiedad*, (30 LPRA ant. sec. 2761) (Ley Hipotecaria) que es el antecesor requisito del inciso (1)(i) del Art. 185 de la Ley Núm. 210- el promovente tenía que alegar "el hecho de que la finca, con sus alegadas dimensiones actuales, ha mantenido la misma configuración durante los términos necesarios para que operen los efectos de la prescripción adquisitiva".[36]

Un análisis de lo discutido nos lleva a concluir que con el lenguaje actual de los incisos (b) e (i) del Art. 185(1) de la Ley Núm. 210, si el promovente de un procedimiento de expediente de dominio de una finca independiente alega: que carece de título (Arts. 185 y 191 de la Ley Núm. 210, y Regla 185.3 del Reglamento Núm. 8814, *infra*); provee alguna mensura que refleje la cabida o medidas superficiales de la finca en el

---

[35] Art. 185(1)(i) de la Ley Núm. 210.(Negrillas suplidas).

[36] Ex Parte *Torres Pérez*, supra, esc. 3.

sistema métrico decimal y sus colindancias (Art. 23(A)(2) y 185(1)(b) de la Ley Núm. 210); y que esta ha mantenido la misma cabida y configuración durante los términos necesarios para que operen los efectos de la prescripción adquisitiva (185(1)(i) de la Ley Núm. 210), **no procede que el Tribunal de Primera Instancia le ordene al promovente que presente una *Certificación juramentada de mensura* expedida por un agrimensor licenciado.**

Según se explicó, este requerimiento aplica cuando se procura rectificar la cabida que consta inscrita conforme al Art. 195 de la Ley Núm. 210. En consecuencia, respecto al requisito de cabida y colindancias, **será suficiente que el promovente presente alguna mensura en la que conste la cabida o medida superficial en el sistema métrico decimal de la finca que este pretende inscribir por primera vez según intima el Art. 23(A)(2) de la Ley Núm. 210.** Al igual que todos los requisitos sustantivos del Art. 185 de la Ley Núm. 210, esto será objeto de prueba en la vista en su fondo.[37]

## C. Formalidades procesales de un expediente de dominio

Examinados los requisitos sustantivos, las obligaciones procesales se encuentran en el inciso 2 del Art. 185 de la Ley Núm. 210. Allí se regulan las personas que el promovente está compelido a notificarle la Petición de expediente de dominio y las que el tribunal le ordenará que tramite la citación personal o por edicto.

> 2. El promovente **notificará <u>personalmente o por correo certificado</u>** con copia de su escrito a los siguientes:
>    a. **Alcalde del municipio** en que radiquen los bienes.

---

[37] Art. 187 de la Ley Núm. 210, (30 LPRA sec. 6293). Según el inciso 5 del Art. 185 de la Ley Núm. 210, "[p]revio al señalamiento de vista en su fondo, el promovente unirá al expediente judicial una **certificación negativa acreditativa de que la finca objeto del procedimiento, no aparece inscrita a nombre de persona distinta al promovente** [en el Registro de la Propiedad]".(Negrillas suplidas).

> b. **Secretario de Transportación y Obras Públicas.**
> c. **Fiscal** de Distrito.
> d. Las **personas que están en la posesión de las fincas colindantes.**

El tribunal ordenará la <u>**citación personal**</u> de los siguientes:

> a. El **inmediato anterior dueño o sus herederos** si fueren conocidos en caso de no constar en escritura pública la transmisión. Se entenderá como inmediato anterior dueño, en el caso de que los promoventes sean herederos, aquel de quien el causante adquirió la propiedad.
>
> b. **Los que tengan cualquier derecho real <u>sobre la finca</u> objeto del procedimiento.**

El tribunal ordenará la **citación mediante <u>edicto</u>** de los siguientes:

> a. Las personas **ignoradas o desconocidas** a quienes pueda perjudicar la inscripción solicitada.
>
> b. Los que están **ausentes** pero de no estarlo debían ser citados en persona y **cuyo paradero se desconoce** al tiempo de hacerse la primera publicación del edicto se les enviará copia de la citación por correo certificado y con acuse de recibo, a su última dirección conocida. **Si se ignora su paradero y así queda probado, se les citará exclusivamente mediante el referido edicto.**

3. Forma, plazo y contenido del edicto: El edicto se publicará en tres (3) ocasiones dentro del término de veinte (20) días en un periódico de circulación general diaria en Puerto Rico, a fin de que comparezcan si quieren alegar su derecho. **Deberá contener la descripción de la finca que será objeto de inmatriculación** y de tratarse de una finca agrupada, las descripciones de las fincas que la comprenden. En el plazo improrrogable de veinte (20) días a contar de la fecha de la última publicación del edicto, los interesados y/o **las partes citadas,** o en su defecto los organismos públicos afectados, podrán comparecer ante el tribunal, a fin de alegar lo que en derecho proceda.

4. **La intervención del Secretario de Transportación y Obras Públicas,** o en su defecto, de los organismos públicos afectados, **se limitará a mantener la defensa de cualesquiera derechos existentes a favor del Estado. La intervención del alcalde del municipio** en que radiquen los bienes**[…] se limitará a mantener la defensa de cualesquiera derechos existentes a favor del municipio** que se trate. El Ministerio **Fiscal**

> **velará, además, por el debido cumplimiento de la ley.**[38]

De acuerdo con el **primer párrafo** del Art. 185(2) de la Ley Núm. 210, el promovente de un procedimiento de expediente de dominio está obligado a notificarle copia de la Petición personalmente o por correo certificado a las personas y entidades o los funcionarios públicos siguientes: (1) al **Alcalde del municipio** en que radiquen los bienes; (2) al **Secretario del DTOP**; (3) al **Fiscal** de Distrito; y (4) a las **personas en posesión de las fincas colindantes**. Este requisito de notificación a los funcionarios públicos y a las personas colindantes es predecesor -y es exactamente igual- al que promulgaba el segundo acápite del Art. 237 de la Ley Hipotecaria.[39] El promovente tiene que acreditarle al tribunal que entregó personalmente o que envió por correo certificado la copia de la Petición para dar por cumplido el requisito de notificación.

A tono con lo anterior, el inciso 4 del articulado explica la intervención que los funcionarios públicos tendrán luego de ser notificados del procedimiento. Por un lado, el Secretario del DTOP se limitará a mantener la defensa de cualesquiera derechos existentes a favor del Estado, el Alcalde defenderá los derechos en beneficio del ayuntamiento donde está ubicada la finca objeto del trámite judicial y el Ministerio Fiscal velará por el cumplimiento del debido proceso de ley.[40]

---

[38] Art. 185(2) de la Ley Núm. 210 (30 LPRA sec. 6291(2)).

[39] Del historial legislativo consignado para esta medida surge que este requerimiento se contempló para los funcionarios y las personas allí dispuestas. Véase *Alcance de la medida* anejado al *Informe* de la Comisión de lo Jurídico de la Cámara de Representantes de 2 de junio de 1979 de la 3ra Sesión Ordinaria de la 8va Asamblea Legislativa, pág. 23.

[40] Art. 185(4) de la Ley Núm. 210. Este inciso obra en el ordenamiento jurídico inmobiliario desde la aprobación de la Ley Hipotecaria. Además, valga señalar que, del historial legislativo no surge una motivación particular del legislador para

Por lo tanto, teniendo en cuenta que el primer párrafo del Art. 185 de la Ley Núm. 210 lo que exige es que el promovente simplemente le notifique una copia de la Petición a las personas o entidades allí establecidas, resolvemos que **no procede una orden para la citación del Alcalde del municipio, del Secretario del DTOP, del Fiscal de Distrito, ni de las personas en posesión de las fincas colindantes.**

Por otro lado, a través del <u>**segundo párrafo**</u> **del Art. 185(2) de la Ley Núm. 210,** se atiende el requisito de citación. Allí, el tribunal tiene la obligación de ordenarle al promovente de un trámite de expediente de dominio a que cite, acorde con las Reglas de Procedimiento Civil, (32 LPRA Ap. V):[41] al "a. **inmediato anterior dueño o sus herederos** si fueren conocidos en caso de no constar en escritura pública la transmisión. Se entenderá como inmediato anterior dueño, en el caso de que los promoventes sean herederos, aquel de quien el causante adquirió la propiedad";[42] y a "b. **[l]os que tengan cualquier derecho real sobre la finca objeto del procedimiento**".[43]

---

incluir que, en defecto del Secretario de DTOP, los organismos públicos afectados igualmente tendrán una intervención limitada a mantener la defensa de cualesquiera derechos existentes a favor del Estado. *Informe* con recomendación de enmiendas de la Comisión de lo Jurídico del Senado de Puerto Rico de 18 de marzo de 1979 de la 3ra Sesión Ordinaria de la 8va Asamblea Legislativa, pág. 13.

[41] La Regla 185.1 del *Reglamento*, establece que "[l]as citaciones personales dispuestas en el inciso 2 del Artículo 185 de la Ley se practicarán en la forma en que las Reglas de Procedimiento Civil vigentes dispongan".

[42] Véase además el <u>**último párrafo**</u> del Art. 185(2) de la Ley Núm. 210. Allí el tribunal ordenará la **citación mediante edicto** a las personas **ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada.** Aquellas que están **ausentes** que, de no estarlo, hubiesen sido citadas personalmente y que debido a que se desconoce su paradero en la primera publicación del edicto se les enviará copia de la citación por correo certificado y con acuse de recibo a su última dirección conocida. Por último, se citará exclusivamente mediante edicto a **la persona que se prueba que se ignora su paradero.** El inciso 3 del Art. 185 de la Ley Núm. 210 regula la forma, el plazo y contenido del edicto.

[43] (Negrillas suplidas).

Ahora bien, con relación a este último acápite, se cuestionó la interpretación que extendió el Tribunal de Primera Instancia en cuanto al deber de los peticionarios no solo de notificar la petición sino de diligenciar una citación para la AAA y para LUMA porque, en virtud de la Ley Núm. 143, estos tienen un derecho real sobre la finca objeto del procedimiento de expediente de dominio.

**D. Ley Núm. 143 sobre *Servidumbres legales de servicio público***

Apenas nos hemos expresado al respecto pero, el legislador se ocupó de establecer un régimen especial para las servidumbres de utilidad pública que declaró legales mediante la Ley Núm. 143.[44] Específicamente, la Sec. 1 de Ley Núm. 143, (27 LPRA sec. 2151), dispuso que son de "carácter de servidumbres legales, continuas y aparentes las servidumbres de servicio público de paso de energía eléctrica y de paso de líneas telefónicas, de los servicios de telecomunicaciones y televisión por cable y de instalaciones de acueductos y alcantarillados pluviales y sanitarios[…]".[45]

De acuerdo con la Sec. 2 de la Ley Núm. 143, (27 LPRA sec. 2152), estas servidumbres legales se podrán adquirir al igual que una propiedad, a saber: en virtud de un documento privado o una escritura pública; por usucapión o prescripción adquisitiva de veinte años; o por expropiación forzosa. Además, a estas les aplica los principios generales de las servidumbres

---

[44] *Desarrollos Real v. Municipio de Vega Baja*, 161 DPR 160, 173 (2004).

[45] Sec. 1 de la Ley Núm. 143, (27 LPRA sec. 2151).

continuas y aparentes contenidos en el Código Civil de Puerto Rico.[46]

A través de la Sec. 3 de la Ley Núm. 143 (27 LPRA sec. 2153), se obliga a las entidades que rinden un servicio de utilidad pública a que aprueben y promulguen "los reglamentos que regirán el uso y disfrute de dichas servidumbres de conformidad con las necesidades particulares de cada servicio [y] deberán ser compatibles con los reglamentos de la Junta de Planificación que regulan el desarrollo de Puerto Rico".[47]

En la Sec. 4 de la Ley Núm. 143 (30 LPRA sec. 2154), se estableció el procedimiento especial para la inscripción de las servidumbres legales de servicio público en el Registro de la Propiedad. Este fue uno de los motivos para la aprobación de la medida. En esencia, el estatuto eliminó la necesidad de presentar una escritura pública en el Registro de la Propiedad para "proyectos de construcción de edificios, de urbanizaciones, de lotificaciones simples o cualesquiera otros proyectos de construcción e instalación de facilidades para servicios públicos en que por la finca principal o los solares discurran o se requiera instalar dichos servicios".[48] En estos escenarios el Registrador de la Propiedad está facultado en ley para la inscripción de los "derechos de servidumbres legales que afectan

---

[46] Es menester aclarar que los principios generales del Código Civil de 1930 derogado concernientes a las servidumbres continuas y aparentes fueron sustituidas por el Art. 937(a) y (b) del Código Civil de 2020, (30 LPRA sec. 8503(a) y (b)).

[47] A modo de ejemplo, véase la discusión del Reglamento promulgado por la AAA en *Desarrollos Real v. Municipio de Vega Baja*, supra y el Reglamento de servidumbres para la AEE que LUMA publicó en Reglamento Servidumbres Completo Rev2005 02-15-07.doc (última visita 20 de febrero de 2025).

[48] Sec. 4 de la Ley Núm. 143, (30 LPRA sec. 2154).

la finca o los solares a favor de las entidades públicas o municipios concernidos".[49]

Así que, basta presentar en el Registro de la Propiedad una Certificación expedida por las entidades públicas o municipios adquirentes del derecho que "acredite la constitución de cada una de las servidumbres, para ser inscritas como gravámenes en el libro del Registro de la Propiedad".[50] Además, junto con las Certificaciones, se incluirá un plano aprobado por la entidad estatal o municipal que se trate en el que se demuestre la trayectoria y extensión de la servidumbre y las fincas afectadas. Igualmente, se incluirá con la Certificación un documento privado autenticado donde el titular del predio sirviente cede el derecho de servidumbre a la entidad pública o municipio, quien posteriormente consentirá el traspaso. Este documento privado hará referencia al plano que describe gráficamente la servidumbre. En fin, se presentarán en el Registro de la Propiedad las certificaciones, el plano y el documento privado para inscribir las servidumbres legales de la Sec. 1 de la Ley Núm. 143.

A tenor con la Ley Núm. 210 y con el Reglamento Núm. 8814, tanto en las Certificaciones expedidas como en el Registro de la Propiedad "se hará constar específicamente las fincas o los solares afectados, incluyendo la descripción y datos registrales de tales propiedades, la naturaleza y tipo de servidumbre, el titular del derecho, que el transmitente y el adquirente del

---

[49] Íd.

[50] Íd. Destacamos que en *Desarrollos Real v. Municipio de Vega Baja*, supra, pág. 182, resolvimos que el endoso o la certificación acreditativa de la servidumbre legal expedida por un municipio es un requisito indispensable para su constitución en el Registro de la Propiedad.

derecho han prestado su consentimiento a tal cesión y los demás datos necesarios para su inscripción".[51] Por lo tanto, y de ordinario, para consignar las fincas o solares afectados por las servidumbres, estos deben constar inscritos previamente en el Registro de la Propiedad.

La Legislatura expresó que la Ley Núm. 143 se diseñó para simplificarle al proyectista o urbanizador el peregrinaje burocrático y oneroso de la intervención de varias agencias administrativas, por lo que con esta medida se beneficia el sector privado que se dedica a la construcción y desarrollo de urbanizaciones o lotificaciones.[52]

Nótese esto, ni de la Ley Núm. 210 y mucho menos de la Ley Núm. 143, surge disposición alguna referente a la obligación de un promovente de un expediente de dominio de notificar copia de la Petición o que el tribunal ordene la citación a las dependencias que representan las servidumbres legales de utilidad o servicio público. El diseño de la Ley Núm. 143 se concibió para la inscripción de servidumbres legales mediante el régimen especial instituido en la Sec. 4, en beneficio del aludido sector privado y en nada se relaciona con el procedimiento de expediente de dominio de una finca independiente. Este análisis nos lleva a concluir que **no procede que el Tribunal de Primera Instancia le exija al promovente que notifique personalmente o por correo certificado copia de la Petición ni que el foro primario ordene**

---

[51] Sec. 4 de la Ley Núm. 143, (30 LPRA sec. 2154). Véase como ejemplo Art. 151 de la Ley Núm. 210 (30 LPRA se. 6225) sobre la constitución de servidumbres de utilidades públicas para desarrollos urbanos.

[52] *Alcance de la medida* del *Informe* de la Comisión de lo Jurídico de la Cámara de Representantes de 4 junio de 1979 de la 3ra Sesión Ordinaria de la 8va Asamblea Legislativa, págs. 3-4.

**la citación de entidades que representan las servidumbres legales de utilidad o servicio público que establece la Ley Núm. 143.**

III

En esencia, en el presente caso se impugnó la denegatoria del Tribunal de Apelaciones de expedir el recurso de *certiorari* toda vez que, a juicio de los peticionarios, el Tribunal de Primera Instancia erró al exigir requisitos no contemplados para el procedimiento de expediente de dominio. Específicamente, los peticionarios argumentaron que con estos requerimientos se estaban enmendando los requisitos legales por *fiat* judicial.

Ciertamente, a los peticionarios les asiste la razón. Veamos por qué el Tribunal de Apelaciones debió expedir el recurso de *certiorari* para revocar al Tribunal de Primera Instancia. Repasamos que los peticionarios plantearon que el Art. 185 de la Ley Núm. 210 **no exige que se presente una *Certificación jurada de mensura* expedida por un agrimensor para probar la cabida** de una finca independiente objeto de un expediente de dominio.

Según discutimos, para que proceda la concesión de un expediente de dominio, es un requisito esencial consignar la cabida. Surge del expediente que los peticionarios alegaron que carecían de título escrito porque se les extravió el contrato privado por el cual adquirieron la propiedad del dueño anterior. Los peticionarios afirmaron que, junto con los dueños anteriores, habían estado en posesión de la finca de manera quieta, pública, pacífica, continua, de buena fe y con justo título por más de cuarenta años. A su vez, adujeron que el predio en cuestión había mantenido la misma cabida y configuración en estos años.

En cumplimiento con el inciso (1)(k), los peticionarios anunciaron la prueba testifical que presentarían para acreditar

la descripción, titularidad y el referido plazo y afirmaron que entregarían un plano de mensura, entre otros documentos. Surge del expediente ante el foro primario que, en efecto, presentaron el plano de mensura que preparó el agrimensor Edwin Olivencia Rodríguez[53] y este revela que la finca objeto del expediente de dominio se realizó para la propiedad del Sr. Franco Román Quiles. Este identificó que la finca está localizada en el Barrio Cibao de San Sebastián, Puerto Rico. Allí se expuso, en el sistema métrico decimal, que el predio cuenta con una cabida de 1695.3254 metros cuadrados de superficie. En cuanto a sus colindantes, el plano indica que en lindes con el Norte se encuentra el Sr. William López Nieves; en el Sur, con la carretera núm. 455; en el Este, se encuentra el Sr. Alcides Ortiz Rodríguez; y en el Oeste, con el Sr. Orlando Fernández Quiles. Por último, se identificó que el predio contenía una estructura dedicada a la vivienda. Como expusimos al inicio, en la Petición se incluyó esta descripción de manera más abreviada conforme al Art. 23(A)(2) de la Ley Núm. 210.

Evaluadas las alegaciones y el expediente judicial, el Tribunal de Primera Instancia debió considerar la segunda oración del inciso (1)(b) del Art. 185 de la Ley Núm. 210. Esto es que, ante la alegación de carencia de título, era suficiente que los peticionarios alegaran y presentaran prueba de **alguna mensura** en la que constara la cabida o medida superficial en el sistema métrico decimal y las colindancias de la finca independiente

---

[53] Surge del Sistema Unificado de Manejo y Administración de Casos del Poder judicial que el 15 de junio de 2023, los peticionarios adjuntaron al expediente electrónico del caso de epígrafe varios documentos, entre estos: (1) copia del plano de mensura preparado por el agrimensor Edwin Olivencia Rodríguez; (2) Plano geofísico catastral que surge del catastro digital del CRIM; (3) copia del recibo de envío del correo certificado con acuse de recibo al Alcalde de San Sebastián y al Fiscal de Distrito de la Región Judicial de Aguadilla; (4) certificación de la AAA y de LUMA en la que se acredita los años que los peticionarios reciben o han recibido estos servicios.

objeto del procedimiento. Recuérdese que este trámite no se presentó para rectificar una cabida incorrectamente consignada. Con el plano, los peticionarios cumplieron con el requisito de proveer alguna mensura de la finca independiente que estos pretenden inmatricular.

Por lo tanto, como la cabida consignada en el plano era suficiente, **el Tribunal de Primera Instancia no debió ordenar la presentación de la *Certificación jurada de mensura* expedida por un agrimensor por el hecho de que los peticionarios alegaron que el contrato privado de adquisición se les extravió y que, por ello, carecían de un título escrito.** Como explicamos en Ex parte Torres Pérez, como "el expediente de dominio no declara derechos, sino que justifica el dominio del promovente[, nada impide que] se pueda presentar posteriormente una acción ordinaria contradictoria de dominio por quién se considere perjudicado".

De otra parte, se planteó que el foro primario actuó contrario a derecho porque **el estatuto no requiere que se ordene la citación** del Alcalde, el Fiscal de Distrito, Secretario del DTOP, LUMA, la AAA y al Negociado de Telecomunicaciones, a los vecinos colindantes, los señores William López Nieves, Alcides Ortiz Rodríguez y Orlando Fernández Quiles. Los peticionarios afirmaron que la orden impugnada les exigió la entrega de proyectos de citación, según el modelo provisto por el foro primario, para citar entidades y personas que solo tenían que ser notificadas y otras que no se requería notificación ni citación alguna.

Las órdenes emitidas el 10 y 19 de julio de 2023 y el modelo provisto por el Tribunal de Primera Instancia no son cónsonos con el Art. 185(2) de la Ley Núm. 210. Según expusimos,

y surge del expediente, los peticionarios le acreditaron al Tribunal de Primera Instancia la notificación de la copia de la Petición mediante correo certificado con acuse de recibo, al Alcalde, el Fiscal de Distrito, al Secretario del DTOP y a los vecinos colindantes anunciados. **Es decir, no procedía que el Tribunal de Primera Instancia ordenara que los colindantes y funcionarios públicos fueran citados.**

Asimismo, según intimamos, el Art. 185 de la Ley Núm. 210 y la Ley Núm. 143 nada disponen sobre la notificación y citación de las servidumbres legales de utilidad pública como LUMA y la AAA. Explicamos que esta última medida en nada se relaciona con el procedimiento de expediente de dominio ni revela que las servidumbres legales allí declaradas tienen un derecho real sobre una finca que sea objeto del referido trámite judicial. Por lo tanto, **no procedía que el Tribunal de Primera Instancia les ordenara a los peticionarios la notificación ni la citación de LUMA ni de la AAA.**

IV

Por los fundamentos aquí expuestos revocamos los foros *a quo* y se ordena la devolución del caso al Tribunal de Primera Instancia para que continúe los procesos conforme a lo aquí resuelto.

Se dictará Sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Franco Luis Román Quiles
y Yolanda Nieves Vargas            CC-2024-0200        Certiorari

      Peticionarios

        Ex parte


SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2025.

Por los fundamentos antes expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, revocamos los foros *a quo* y se ordena la devolución del caso al Tribunal de Primera Instancia para que continúe los procesos conforme a lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez concurre con el resultado sin opinión escrita.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo