ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ISRAEL RIVERA NAZARIO Y OTROS<br><br>Apelada<br><br>v.<br><br>ROBERTO TORRES GONZÁLEZ Y OTROS<br><br>Apelante | KLAN202500358 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2022CV02049<br><br>Sala: 601 CIVIL<br><br>Sobre: Acción Contradictoria de Dominio |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de junio de 2025.

Comparece ante *nos*, Roberto Torres González (Torres González o apelante) y nos solicita que revoquemos la *Sentencia* emitida el 29 de enero de 2025 y notificada el 4 de febrero de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Ponce. Mediante dicho dictamen, el TPI declaró *Con Lugar* la demanda y, en consecuencia, decretó y dispuso la inscripción del dominio y titularidad de la finca a favor de Israel Nazario y Sara Flores Torres (apelados) y ordenó su inscripción en el Registro de la Propiedad.

Por los fundamentos que se exponen a continuación, *revocamos* la *Sentencia* apelada.

**I.**

Surge del expediente ante nuestra consideración que, el 28 de julio de 2022, la parte apelada presentó una *Petición* sobre expediente de dominio. Luego de varios incidentes procesales, el 17 de abril de 2023, Torres González presentó una *Oposición y Contestación a Petición*. En esencia, negó las aseveraciones de

hechos contenidas en la *Petición* por falta de conocimiento.[1] Asimismo, alegó que los apelados han usurpado parte del terreno que pertenece a su familia, por lo que el plano preparado por el agrimensor está incorrecto y es nulo. Así pues, solicitó que se convirtiera el proceso en uno contradictorio y contencioso. Consecuentemente, el 2 de mayo de 2023, la parte apelada presentó una *Réplica a Oposición a Petición*.

Posteriormente, el 30 de junio de 2023, el foro primario emitió una *Orden* mediante la cual señaló la vista en su fondo para el 30 de agosto de 2023 e indicó que debía comparecer la parte apelada y toda persona que alegue tener interés sobre el predio objeto del expediente de dominio. El 28 de agosto de 2023, el TPI emitió una *Orden de Traslado* mediante la cual sostuvo que el caso se había convertido en uno contencioso, por lo que, ordenó el traslado de este al TPI, Sala Superior de Ponce.

El 8 de diciembre de 2023, el TPI emitió una *Resolución* mediante la cual le concedió un término a la parte apelante para enmendar la demanda a un caso ordinario contencioso con los emplazamientos correspondientes so pena de desestimación sin perjuicio. Subsiguientemente, el 9 de enero de 2024, la parte apelada presentó una *Moción en Torno a Resolución y Sometiendo Demanda Enmendada*. El 14 de febrero de 2024, la Secretaria del Tribunal expidió los emplazamientos para John Doe, Richard Doe y Jane Doe.

Así las cosas, el 24 de julio de 2024, el foro primario emitió una *Orden* mediante la cual le concedió un término a la parte apelada para presentar prueba del diligenciamiento de los emplazamientos que suplan jurisdicción al Tribunal sobre las partes. El 8 de octubre de 2024, la parte apelada presentó una

---

[1] El apelante adujo en su escrito que tiene una incapacidad cognitiva y no puede atender adecuadamente los asuntos que requieran procesar información conceptual de tiempo y espacio.

*Moción en Solicitud de que se Continúen los Procedimientos del Presente Caso y se Señalé la Correspondiente Vista*.

Así, el 1 de noviembre de 2024, el foro primario emitió una *Orden*. En esta, concedió un término de veinte (20) días a la parte apelada para presentar el fiel cumplimiento con el Artículo 185 de la Ley Núm. 210-2015, Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico (10 LPRA sec. 6291). Además, ordenó que se incluyera prueba del cumplimiento con las notificaciones requeridas y esbozó que el apelante no había acreditado al Tribunal las gestiones realizadas con relación a su incapacidad. Por lo cual, concedió un término de veinte (20) días a la parte apelante para que presentara las razones por las cuales no se debía nombrar a su representante legal como defensor judicial.

Entretanto, el 18 de noviembre de 2024, la parte apelada presentó un segundo escrito titulado *Moción en Solicitud de que se Continúen los Procedimientos del Presente Caso y se Señalé la Correspondiente Vista*. El 4 de diciembre de 2024, el foro primario emitió una *Resolución Anotación de Rebeldía* mediante la cual le anotó la rebeldía a Torres González, John Doe y Richard Doe. Luego, el 5 de diciembre de 2025, el TPI emitió una *Orden* mediante la cual señaló una Vista en Rebeldía para el 16 de enero de 2025. Así, el 16 de diciembre de 2024, la parte apelada presentó una *Moción Sometiendo Prueba Documental*.

El 15 de enero de 2025, Torres González y sus siete (7) hermanos comparecieron, sin someterse a la jurisdicción, mediante una *Contestación a Demanda*. Ese mismo día, la parte apelante presentó una *Moción de Solicitud de Transferencia de Vista*. En esta, arguyó que su representante legal que tenía una condición de salud que le impedía comparecer a la vista señalada. El 16 de enero de 2025, el foro primario celebró la Vista en Rebeldía. Allí, el TPI

determinó mantener la anotación de rebeldía y denegó la solicitud de transferencia de vista.[2]

Así pues, el 29 de enero de 2025, notificada el 4 de febrero de 2025, el TPI dictó *Sentencia* declarando *Con Lugar* la demanda y, en consecuencia, decretó y dispuso la inscripción del dominio y titularidad de la finca a favor de la parte apelada y ordenó su inscripción en el Registro de la Propiedad. El 19 de febrero de 2025, el foro primario emitió una *Resolución Interlocutoria* mediante la cual dispuso que: "se reconsidera *motu proprio* de la Sentencia del 29 de enero de 2025 por falta de jurisdicción por existir partes indispensables de una sucesión anunciada de forma tardía por la parte demandada en su moción "Contestación a la demanda" presentada por la noche antes de la vista el 15 de enero de 2025". Además, el foro primario ordenó a la parte apelada a enmendar la demanda por segunda vez para incluir a dichas partes demandadas y emplazarlas a las direcciones incluidas en la moción y el Tribunal poder tener jurisdicción.

El 3 de marzo de 2025, la parte apelada presentó una *Moción de Reconsideración sobre Resolución Interlocutoria*. Oportunamente, el 7 de marzo de 2025, el TPI emitió una *Resolución Interlocutoria* mediante la cual declaró *Ha Lugar* la solicitud de reconsideración de la parte apelada. En consecuencia, sostuvo la *Sentencia* del 29 de enero de 2025. Acto seguido, el 24 de marzo de 2025, la parte apelada y sus hermanos presentaron una *Solicitud de Reconsideración*. En consecuencia, el 26 de marzo de 2025, el foro primario emitió una *Resolución Interlocutoria* mediante la cual declaró *No Ha Lugar* la misma. Dicha *Resolución Interlocutoria* fue notificada a las partes el 27 de marzo de 2025.

---

[2] La parte apelada ni su representante legal comparecieron a la vista pautada para el 16 de enero de 2025.

Inconforme, el 28 de abril de 2025, la parte apelante presentó el recurso de apelación que nos ocupa y alegó la comisión de los siguientes errores:

Primer Error:

Erró el TPI al conceder y autorizar un emplazamiento por edicto pasados más de 20 días de la presentación de la *Petición.*

Segundo Error:

Erró el TPI al autorizar un emplazamiento por edicto, aun cuando no lo pusieron en condiciones de así hacerlo.

Tercer Error:

Erró el TPI al celebrar una vista y ejercer su jurisdicción sin tenerla, pues no se habían emplazado adecuadamente a ninguno de los miembros de la sucesión.

Cuarto Error:
Erró el TPI al celebrar una vista sin el debido emplazamiento, personal o por edicto, de la comunera hereditaria, Mirtalina Torres González, quien posee una casa en el predio en cuestión desde hace más de treinta (30) años.

Quinto Error:

Erró el TPI al abusar de su discreción, sin la presencia del abogado suscribiente, aun cuando este justificó su incomparecencia, por imposibilidad física y certificación médica, privando así a la parte demandada de su *Derecho* al *Debido Proceso de Ley.*

El 21 de mayo de 2025, emitimos una *Resolución* concediéndole un término de veinte (20) días a la parte apelada para presentar su posición al recurso. El 23 de mayo de 2025, la parte apelada presentó un *Alegato de la Parte Apelada.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**A. Expediente de dominio**

El expediente de dominio es un trámite judicial que, de ordinario, es de jurisdicción voluntaria o *ex parte* utilizado para los casos en que el propietario carezca de título inscribible de dominio. *Román Quiles, Ex Parte,* 2025 TSPR 45, 215 DPR ___ (2025). Así pues, este procedimiento se mantendrá *ex parte* en la medida en que

no se genere una contienda entre partes conocidas y determinadas. *Íd.* Véase, además, *Álvarez Rivera v. Registrador*, 84 DPR 229 (1961). La finalidad del expediente de dominio es que el tribunal declare justificado o no el dominio de la finca que el promovente pretende inscribir y no puede utilizarse este mecanismo para declarar derechos, por lo que no equivale a una acción declaratoria de usucapión. *Román Quiles, Ex Parte, supra.* Por consiguiente, su resolución no adquiere carácter de cosa juzgada y nada impide que se realice un juicio declarativo posterior a instancia de las partes interesadas. *Íd.* Véase, además, *Rodríguez v. Registrador*, 75 DPR 712 (1953).

Así, los requisitos procesales del expediente de dominio están establecidos en el inciso 2 del Artículo 185 de la Ley Núm. 210-2015, *supra.* Allí, se establecen las personas que el promovente está compelido a notificarle la petición de expediente de dominio y las que el tribunal le ordenará que tramite la citación personal o por edicto. A esos efectos, el mencionado artículo establece que:

> 2. El promovente notificará personalmente o por correo certificado con copia de su escrito a los siguientes:
>
> a. Alcalde del municipio en que radiquen los bienes.
> b. Secretario de Transportación y Obras Públicas.
>
> c. Fiscal de Distrito.
>
> d. Las personas que están en la posesión de las fincas colindantes.
>
> El tribunal ordenará la citación personal de los siguientes:
>
> a. El inmediato anterior dueño o sus herederos si fueren conocidos en caso de no constar en escritura pública la transmisión. Se entenderá como inmediato anterior dueño, en el caso de que los promoventes sean herederos, aquel de quien el causante adquirió la propiedad.
>
> b. Los que tengan cualquier derecho real sobre la finca objeto del procedimiento.
>
> El tribunal ordenará la citación mediante edicto de los siguientes:
>
> a. Las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada.

b. Los que están ausentes pero de no estarlo debían ser citados en persona y cuyo paradero se desconoce al tiempo de hacerse la primera publicación del edicto se les enviará copia de la citación por correo certificado y con acuse de recibo, a su última dirección conocida. Si se ignora su paradero y así queda probado, se les citará exclusivamente mediante el referido edicto.

3. Forma, plazo y contenido del edicto: El edicto se publicará en tres (3) ocasiones dentro del término de veinte (20) días en un periódico de circulación general diaria en Puerto Rico, a fin de que comparezcan si quieren alegar su derecho. Deberá contener la descripción de la finca que será objeto de inmatriculación y de tratarse de una finca agrupada, las descripciones de las fincas que la comprenden. En el plazo improrrogable de veinte (20) días a contar de la fecha de la última publicación del edicto, los interesados y/o las partes citadas, o en su defecto los organismos públicos afectados, podrán comparecer ante el tribunal, a fin de alegar lo que en derecho proceda.

4. La intervención del Secretario de Transportación y Obras Públicas, o en su defecto, de los organismos públicos afectados, se limitará a mantener la defensa de cualesquiera derechos existentes a favor del Estado. La intervención del alcalde del municipio en que radiquen los bienes […] se limitará a mantener la defensa de cualesquiera derechos existentes a favor del municipio que se trate. El Ministerio Fiscal velará, además, por el debido cumplimiento de la ley.

A tono con lo anterior, el promovente deberá notificar personalmente o por correo certificado con copia de su escrito a: (d) las personas que están en la posesión de las fincas colindantes. Asimismo, el Artículo 185 de la Ley Núm. 210-2015, *supra*, establece que el tribunal ordenará la citación personal de: (a) el inmediato anterior dueño o sus herederos y (b) los que tengan cualquier derecho real sobre la finca objeto del procedimiento. Por último, el tribunal ordenará la citación mediante edicto de: (a) las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada y (b) los que están ausentes pero de no estarlo debían ser citados en persona y cuyo paradero se desconoce al tiempo de hacerse la primera publicación del edicto se les enviará copia de la citación por correo certificado y con acuse de recibo, a su última dirección conocida. Si se ignora su paradero y así queda probado, se les citará exclusivamente mediante el referido edicto.

**B. Parte indispensable**

La Regla 16.1 de Procedimiento Civil (32 LPRA Ap. V) dispone lo atinente a la acumulación de una parte indispensable. En

específico, la citada regla establece que: "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada".

Cónsono con lo anterior, una *parte indispensable* se ha definido como:

> "[A]quella que tiene tal interés en la cuestión envuelta en la controversia que no puede dictarse un decreto final entre las partes en la acción <u>sin lesionar y afectar radicalmente su interés</u>, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia". (Énfasis y subrayado nuestro). *Cirino González v. Adm. Corrección et al.*, 190 DPR 14 (2014).

El interés de la parte en el litigio debe ser de "[…] tal orden que impida la confección de un derecho adecuado sin afectarle o destruirle radicalmente sus derechos". *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007); *Cirino González v. Adm. Corrección et al.*, *supra.* Asimismo, el interés debe ser real e inmediato, y no cimentado en especulaciones ni en eventos futuros. *Pérez Rosa v. Morales Rosado, supra.* "La indispensabilidad de una parte deviene del mandato constitucional que prohíbe que una persona sea privada de su libertad o propiedad <u>sin el debido proceso de ley</u>". (Énfasis y subrayado nuestro). Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 165.

En esencia, la precitada Regla pretende: (i) proteger las personas ausentes de los posibles efectos perjudiciales que pueda ocasionarles la resolución del caso; (ii) emitir una determinación completa; y (iii) evitar la multiplicidad de pleitos. *Cirino González v. Adm. Corrección et al.*, *supra.*

Al determinar si una persona es una parte indispensable en un pleito, se requiere un enfoque pragmático e individualizado, al tenor de las particularidades de cada caso. *García Colón et al. v. Sucn. González,* 178 DPR 527 (2010). En ese sentido, el tribunal deberá evaluar los intereses involucrados y distinguir entre los diversos géneros de casos. *Deliz et als. v. Igartúa et als.*, 158 DPR 403 (2003). Ello "exige una evaluación jurídica de factores tales como tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad". *Íd.*, citando a *Sánchez v. Sánchez,* 154 DPR 645 (2001). A su vez, deberá examinar si el tribunal "podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente". *Pérez Rosa v. Morales Rosado, supra*; J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1era ed. rev., 2012, págs. 139-141.

Dado a la importancia de una parte indispensable, el hecho de no acumularla podría conllevar la desestimación del pleito. *Cirino González v. Adm. Corrección et al., supra.* Ahora bien, no significa que se desestimará la causa de acción automáticamente. Ante esa circunstancia, el tribunal puede brindarle la oportunidad a una parte de traer a la parte omitida, siempre que pueda asumir jurisdicción sobre ésta. *Íd.*

En fin, lo verdaderamente trascendental es que la ausencia de una parte indispensable priva de jurisdicción al tribunal. *García Colón et al. v. Sucn. González, supra*, pág. 550. Como corolario, "la sentencia que se emita en ausencia de parte indispensable es nula". *Íd.* Véase, además, *Unysis P.R., Inc. v. Ramallo Brother Printing, Inc.*, 128 DPR 842 (1991).

### C. Sucesión

El Código Civil de Puerto Rico regula todo lo concerniente a la sucesión por causa de muere. Dicho cuerpo normativo define la sucesión como ¨la transmisión de los derechos y de las obligaciones del causante que no se extinguen por su muerte¨. Artículo 1546 del Código Civil (31 LPRA sec. 10911). Así, la sucesión se abre en el

momento de la muerte del causante. ¨. Artículo 1547 del Código Civil (31 LPRA sec. 10912). Sin embargo, la sucesión como persona jurídica no existe en nuestro derecho. *Arvelo et al. v. Banco Ter. y Ag. de P.R.*, 25 DPR 728 (1917). Por lo cual, para que una sucesión sea parte demandante o demandada en un pleito, es necesario que se particularice e individualice expresando los miembros que la componen. Es decir, como la sucesión no tiene personalidad jurídica, para que esta pueda demandar o pueda sustituir a un demandante fallecido, es necesario que se traiga al pleito a cada uno de sus miembros. *Vilanova et al. v. Vilanova et al.*, 184 DPR 824 (2012).

Ello implica que todos los miembros de la sucesión son partes indispensables, pues poseen un interés común sin cuya presencia no puede adjudicarse la controversia. Véase, Regla 16.1 de Procedimiento Civil, *supra.*

**III.**

Por estar íntimamente relacionados discutiremos los primeros cuatro (4) señalamientos de error de forma conjunta. *Veamos.*

En su recurso, la parte apelante planteó que erró el TPI al conceder y autorizar un emplazamiento por edicto pasados más de veinte (20) días de la presentación de la *Petición*. Manifestó, además, que erró el foro primario al autorizar un emplazamiento por edicto, aun cuando no lo pusieron en condiciones de así hacerlo. Indicó que incidió el TPI al celebrar una vista y ejercer su jurisdicción sin tenerla, pues no se habían emplazado adecuadamente a ninguno de los miembros de la sucesión. Asimismo, arguyó que erró el foro primario al celebrar una vista sin el debido emplazamiento, personal o por edicto, de la comunera hereditaria. Mirtalina Torres Gonzalez, quien posee una casa en el predio en cuestión desde hace más de treinta (30) años.

Por su parte, la parte apelada esbozó que el procedimiento aplicable a un expediente de dominio, incluyendo las citaciones, notificaciones y publicación de edicto se rige por la Ley Núm. 210-2015, *supra.* Además, afirmó que eran los miembros de la sucesión quienes tenían que comparecer ante el Tribunal a exponer sus derechos y objeciones a la petición. Añadió que Mirtelina Torres González no estaba en posesión de algún predio colindante con el suyo, por lo que, no había obligación de citarla personalmente.

En el caso ante *nos,* el 28 de julio de 2022, la parte apelada presentó una *Petición* sobre expediente de dominio. Consecuentemente, la parte apelada citó personalmente a las personas que están en posesión de los predios colindantes, entre estos a Torres González, y al anterior dueño del predio. Asimismo, publicó un edicto para los ¨colindantes, anteriores dueños y personas a quienes pueda perjudicar la inscripción solicitada sobre la propiedad en adelante descrita¨. Dicho edicto fue publicado el 10, 17 y 24 de octubre de 2022, en el periódico El Nuevo Día.

Luego de varios incidentes procesales, el 17 de abril de 2023, Torres González presentó una *Oposición y Contestación a Petición.* Mediante su escrito sostuvo, entre otras cosas, que los apelados han estado invadiendo y usurpando ilegalmente de los hermanos Carlos, Mirtelina, Néstor y Roberto todos de apellidos Torres González un predio de terreno. Posteriormente, el 8 de diciembre de 2023, el foro primario emitió una *Resolución* mediante la cual le concedió un término a la parte apelante para enmendar la demanda a un caso ordinario contencioso con los emplazamientos correspondientes so pena de desestimación sin perjuicio. Así las cosas, el 9 de enero de 2024, la parte apelada presentó una *Moción en Torno a Resolución y Sometiendo Demanda Enmendada.*

Subsiguientemente, el 1 de noviembre de 2024, el foro primario emitió una *Orden* mediante la cual concedió un término a la parte apelada para presentar el fiel cumplimiento con el Artículo 185 de la Ley Núm. 210-2015, para que se incluyera prueba del

cumplimiento con las notificaciones requeridas. Luego, el 18 de noviembre de 2024, la parte apelada presentó una *Moción en Solicitud de que se Continúen los Procedimientos del Presente Caso y se Señalé la Correspondiente Vista*. Consecuentemente, el 4 de diciembre de 2024, el TPI emitió una *Resolución Anotación de Rebeldía* mediante la cual le anotó la rebeldía a Torres González, John Doe y Richard Doe.

El 15 de enero de 2025, Torres González y sus siete (7) hermanos comparecieron, sin someterse a la jurisdicción, mediante una *Contestación a Demanda*. El 16 de enero de 2025, el foro primario celebró la Vista en Rebeldía. Allí, el TPI determinó mantener la anotación de rebeldía y denegó la solicitud de transferencia de vista. El 29 de enero de 2025, el TPI dictó *Sentencia* declarando *Con Lugar* la demanda y, en consecuencia, decretó y dispuso la inscripción del dominio y titularidad de la finca a favor de la parte apelada y ordenó su inscripción en el Registro de la Propiedad.

En primer lugar, es menester dejar claro que las formalidades del proceso de expediente de dominio se rigen por las disposiciones contenidas en la Ley Núm. 210-2015, *supra*, específicamente, por el Artículo 185.

Según el derecho que antecede, la parte promovente en un procedimiento de expediente de dominio está obligado a notificarle personalmente o por correo certificado a las personas que están en posesión de las fincas colindantes. Artículo 185 de la Ley Núm. 210-2015, *supra*. Además, se deberá citar personalmente al inmediato anterior dueño o sus herederos y a los que tengan cualquier derecho real sobre la finca objeto del procedimiento. El Tribunal ordenará la citación mediante edicto de: (a) las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada y (b) los que están ausentes pero de no estarlo debían ser citados en

persona y cuyo paradero se desconoce al tiempo de hacerse la primera publicación del edicto se les enviará copia de la citación por correo certificado y con acuse de recibo, a su última dirección conocida. Si se ignora su paradero y así queda probado, se les citará exclusivamente mediante el referido edicto.

De conformidad con los hechos aquí reseñados, desde al menos el 17 de abril de 2023, la parte apelada conocía que uno de los predios colindantes pertenecía a los hermanos Carlos, Mirtelina, Néstor y Roberto todos de apellidos Torres González. Es decir, la parte apelante tenían pleno conocimiento de que dicho predio pertenecía a la Sucesión Torres González. Sin embargo, los emplazamientos se expidieron para John Doe, Richard Doe y Jane Doe, cuando se conocían los nombres de quienes componen la sucesión. Asimismo, desconocemos porque razón la parte apelante omitió mencionar a sus hermanos Carlos, Pablo, Fernando, Evelyn y Carmen. Por consiguiente, desde el momento en que se advino en conocimiento de la existencia de la Sucesión Torres González se debió citar a estos personalmente conforme establece el Artículo 185 de la Ley Núm. 210-2015, *supra*, por ser estos parte indispensable. Por el contrario, de desconocerse o estar ausentes procedía que fueran emplazados por edictos.

De otro lado, es importante destacar que Roberto Torres González fue citado personalmente y se sometió a la jurisdicción del Tribunal desde el 17 de abril de 2023; por lo tanto, contrario al planteamiento de la parte apelante, este sí fue citado adecuadamente. Así pues, reiteramos que las formalidades procesales del expediente de dominio se rigen exclusivamente por lo establecido en el Artículo 185 de la Ley Núm. 210-2015, *supra*, y no por la Regla 4 de Procedimiento Civil (32 LPRA Ap. V).

Además, con relación al cuarto señalamiento de error, no surge de la *Petición,* de la *Oposición y Contestación a Petición,* ni de la *Contestación a Demanda* que Mirtelina Torres González posee una casa en el predio en cuestión desde hace más de treinta (30) años.

Este planteamiento fue traído por primera vez en la *Moción de Reconsideración Sobre Resolución Interlocutoria*, que se presentó el 3 de marzo de 2025. No obstante, al ser Mirtelina Torres González miembro de la sucesión esta debía ser citada según establece el Artículo 185 de la Ley Núm. 210-2015, *supra.*

Finalmente, en su quinto señalamiento de error, la parte apelante arguye que erró el TPI al abusar de su discreción y celebrar la Vista en Rebeldía sin la presencia del abogado, aun cuando este justificó su incomparecencia, por imposibilidad física y certificación médica, privando así a la parte apelante de su derecho al debido proceso de ley. No le asiste la razón.

Surge del Sistema Unificado de Manejo y Administración de Casos (SUMAC) que, el 17 de abril de 2023, el Lcdo. Gamaliel Rodríguez López compareció como representante legal del apelante. Desde entonces, presentó varios escritos a favor de su representado hasta el 17 de julio de 2023. Sin embargo, en el período entre el 18 de julio de 2023 hasta el 15 de enero de 2025, entiéndase, por un período de diecisiete (17) meses el Lcdo. Gamaliel Rodríguez López no presentó ningún escrito, ni alegación y permitió que a su representado se le anotara la rebeldía. Esto, aun cuando fue notificado de todos los escritos presentados mediante SUMAC.

Asimismo, surge del expediente ante nuestra consideración que, el 5 de diciembre de 2024, el foro primario citó la Vista en Rebeldía. Posteriormente, el Lcdo. Gamaliel Rodríguez López estuvo recluido en la Sala de Emergencia del Hospital San Lucas y fue dado de alta el 1 de enero de 2025. Por lo tanto, ante su situación de salud, el Lcdo. Gamaliel Rodríguez López pudo haber solicitado con antelación al 15 de enero de 2025, la transferencia de la Vista en Rebeldía, pues tenía conocimiento de esta desde al menos un (1) mes antes.

**IV.**

Por los fundamentos antes expuestos, se *revoca* la *Sentencia* emitida el 29 de enero de 2025. Se devuelve el caso al foro primario para que, de acuerdo con lo aquí resuelto, ordene a la parte apelada enmendar la demanda para incluir a los siete (7) hermanos Torres González como parte demandada, por ser estos parte indispensable y sean citados conforme establece el Artículo 185 de la Ley Núm. 210-2015, *supra.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones