ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| IRAIDA TORRES RIVERA<br><br>Apelada<br><br>v.<br><br>JUAN R. RAMOS MELECIO; TROPICAL HEAT CORP.; AUTORIDAD DE ENERGIA ELÉCTRICA Y LUMA ENERGY, LLC<br><br>Apelantes | KLAN202400998 | *Apelación* se acoge como *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV06899<br><br>Sobre: Acción civil de violación de servidumbre |
| IRAIDA TORRES RIVERA<br><br>Apelante<br><br>v.<br><br>JUAN R. RAMOS MELECIO; TROPICAL HEAT CORP.; AUTORIDAD DE ENERGIA ELÉCTRICA Y LUMA ENERGY, LLC<br><br>Apelados | Consolidado con:<br><br>KLAN202401001 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV06899<br><br>Sobre: Acción civil de violación de servidumbre |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Sánchez Báez[1]

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de marzo de 2026.

Compareció el Sr. Juan R. Ramos Melecio y Tropical Heat, Corp. (en adelante y en conjunto, "señor Ramos Melecio") mediante el recurso de apelación **KLAN202400998** presentado el 7 de noviembre de 2024. En igual fecha, la Sra. Iraida Torres Rivera (en adelante, "señora Torres Rivera") instó otro recurso de apelación **KLAN202401001**. En síntesis, ambos recursos solicitan la revocación de la *Sentencia Parcial* emitida el 15 de agosto de 2024,

---

[1] Mediante la Orden Administrativa OATA-2025-002 emitida el 9 de enero de 2025 se designó al Juez Isaías Sánchez Báez en sustitución del Juez Rodríguez Flores.

Número Identificador
SEN2026_____

notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "foro de instancia"). En el aludido dictamen, el foro de instancia desestimó la causa de acción sobre servidumbre de energía eléctrica por falta de legitimación y denegó la desestimación de la causa de acción relacionada a la servidumbre de luces y vistas.

Examinada la naturaleza del recurso KLAN202400998, lo acogemos como *Certiorari* y conservamos su actual identificación alfanumérica para propósitos administrativos. Por los fundamentos que expondremos a continuación, se **deniega** su expedición. En cuanto al recurso KLAN202401001, se **confirma** la *Sentencia Parcial* apelada.

-I-

El 8 de diciembre de 2023, la señora Torres Rivera instó una *Demanda* —con tres (3) causas de acción— contra el señor Ramos Melecio, Tropical Heat, Corp, Autoridad de Energía Eléctrica (en adelante, "AEE") y Luma Energy, LLC (en adelante, "LUMA").[2] En la primera causa de acción alegó que el señor Ramos Melecio violó la servidumbre de energía eléctrica a favor de la AEE y LUMA al construir e instalar un vagón de metal sin la distancia y altura requeridas por la Oficina de Gerencia de Permisos. En la segunda causa de acción, adujo que la mencionada construcción violó su derecho de luces y vistas, impidiéndole el libre uso y disfrute de su propiedad. Por último, en la tercera causa de acción, alegó daños por la peligrosidad que genera la referida estructura de metal de electrificar su propiedad.

Tras varios asuntos, el señor Ramos Melecio presentó una *Solicitud de sentencia sumaria*[3] en la cual esbozó 49 determinaciones de hechos alegadamente incontrovertidos. Sin

---

[2] SUMAC-TPI, entrada núm. 1.
[3] *Id.*, entrada núm. 20.

embargo, argumentó que existía controversia sobre los asuntos siguientes: (1) si la demanda de epígrafe es cosa juzgada; (2) si la demanda de epígrafe es un ataque colateral a un trámite administrativo; (3) si la demanda de epígrafe es frívola y temeraria; (4) si la señora Torres Rivera tiene legitimación para reclamar una violación a la servidumbre de energía eléctrica; y (5) si existen servidumbres eléctricas constituidas sobre la propiedad del señor Ramos Melecio. Por lo que, sostiene que procede dictar sentencia sumaria aplicando la doctrina de cosa juzgada y falta de jurisdicción activa.

Consecuentemente, la señora Torres Rivera presentó su *Oposición a sentencia sumaria[4]* mediante la cual alegó que las doctrinas de cosa juzgada e impedimento colateral no se aplican en el caso de epígrafe, toda vez que la causa nunca ha sido litigada, advertida o adjudicada en procedimiento administrativo o judicial anterior. Además, argumentó que tiene legitimación activa por tratarse de un acto torticero que causa peligrosidad de fuerza mayor e impide el derecho de luces y vistas.

Ante esto, el foro de instancia emitió *Sentencia Parcial[5]* el 15 de agosto de 2024, notificada al día siguiente, mediante la cual desestimó con perjuicio la causa de acción sobre servidumbre eléctrica, ya que esta ni le pertenece a la señora Torres Rivera ni ella sufre algún daño por esa alegada violación. En cuanto a la causa de acción sobre servidumbre de luces y vistas, el foro de instancia denegó su desestimación debido a que el señor Ramos Melecio no demostró que la controversia fue resuelta judicial o administrativamente, por lo que no constituye cosa juzgada. Asimismo, el foro de instancia esbozó hechos incontrovertidos y controvertidos de la manera siguiente:

---

[4] *Id.*, entrada núm. 40.
[5] *Id.*, entrada núm. 53.

**HECHOS INCONTROVERTIDOS**

1. El Sr. Juan R. Ramos Melecio y Tropical Heat, Corp. son dueños de un taller de mecánica que colinda con el inmueble de la señora Torres.
2. El senor Ramos realizó varias construcciones en dicho taller y todas cuentan con los permisos pertinentes.

**HECHOS EN CONTROVERSIA**

1. Si existe alguna violación a la servidumbre de luces y vista que le pertenece a la señora Torres, por parte del señor Ramos.[6]

En desacuerdo, el señor Ramos Melecio presentó su *Solicitud de Reconsideración*[7] en la que alegó que su construcción es una completamente cerrada, por lo que no violó la servidumbre de luces y vistas. Asimismo, reiteró que la señora Torres Rivera había presentado su reclamación sobre servidumbres de luces y vistas en una demanda ya adjudicada en el caso núm. TB2022CV00520.

El 26 de agosto de 2024, el foro de instancia emitió y notificó una *Orden* en la cual denegó la solicitud de reconsideración presentada por el señor Ramos Melecio.[8]

Por su parte, la señora Torres Rivera presentó su *Moción de Reconsideración*[9]. Planteó que el foro de instancia erró al determinar que no tiene legitimación activa para presentar su causa de acción, ya que es un asunto de estricta política pública y tiene el propósito de proteger su vida, seguridad y propiedad. Además, alegó que la violación de la servidumbre eléctrica es una clara extralimitación tanto del Reglamento Núm. 7282, *infra,* como la Ley Núm. 143-1979, *infra,* y ello le causa un daño real y palpable.

Consecuentemente, el foro de instancia dictó *Resolución*[10] el 7 de octubre de 2024, notificada al día siguiente, en la que denegó la solicitud de reconsideración presentada por la señora Torres Rivera.

Aun inconforme con lo anterior, el 7 de noviembre de 2024, el señor Ramos Melecio acudió ante nos mediante el recurso de

---

[6] *Id.*, pág. 2.
[7] *Id.,* entrada núm. 54.
[8] *Id.,* entrada núm. 55.
[9] *Id.,* entrada núm. 58.
[10] *Id.,* entrada núm. 76.

apelación **KLAN202400998** y señaló la comisión de los errores siguientes:

PRIMERO:   Erró el Tribunal de Primera Instancia la denegar la solicitud de sentencia sumaria en cuanto a la servidumbre de luces y vistas.

SEGUNDO:   Erró el Tribunal de Primera Instancia al negarse a aplicar la doctrina de cosa juzgada en cuanto a la servidumbre de luces y vistas.

TERCERO:   Erró el Tribunal de Primera Instancia al negarse a imponerle honorarios de abogado a la apelada a favor de los apelantes, a pesar de que la apelada sometió una reclamación frívola y temeraria.

En igual fecha, la señora Torres Rivera interpuso el recurso de apelación **KLAN202401001** y esbozó el señalamiento de error siguiente:

Erró el Tribunal de Primera Instancia al desestimar CON PERJUICIO por falta de legitimación activa, la reclamación de la parte apelante relativa a la violación a la servidumbre de paso de energía eléctrica, sobre todo cuando dicha reclamación nunca fue parte del procedimiento de permisología y siendo la primera vez que la apelante reclama la violación del apelado de dicha servidumbre al Tribunal, reclamando daños y perjuicios por su peligrosidad ya establecida.

El 19 de diciembre de 2024, emitimos *Resolución* en la cual ordenamos la consolidación de ambos recursos por recurrir de una misma sentencia.

En consecuencia, las partes presentaron sus respectivas oposiciones a los recursos.

Luego, el señor Ramos Melecio presentó una *Solicitud de Desglose* en cuanto a un documento —titulado anejo 10-A: Informe Pericial— que anejó la señora Torres Rivera al recurso de apelación KLAN2024001001, el cual no formó parte del expediente judicial ante el foro de instancia. Por su parte, la señora Torres Rivera instó su oposición a la solicitud de desglose. Allí, aceptó que el referido informe pericial no fue anejado a una moción presentada por la Autoridad de Energía Eléctrica ante el foro de instancia, debido a que el perito Víctor M. Ruiz Pérez no estuvo disponible por motivo de enfermedad. Sin embargo, argumentó que conforme a la Regla 16

del Reglamento del Tribunal de Apelaciones, *infra,* se puede presentar documentos que fueron informados y discutidos ante el foro de instancia.

Así pues, perfeccionado el recurso, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. *Certiorari***

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el

Tribunal de Apelaciones no tiene que fundamentar su decisión. *Id.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 141, pág. 63, 216 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, a saber:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Id.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que —para el buen funcionamiento del sistema judicial y la rápida disposición de los litigios— el juzgador de Instancia tiene gran flexibilidad y discreción para atender y conducir los asuntos litigiosos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003). Esto es, el adjudicador del foro primario tiene plena facultad para conducir el proceso judicial que atiende de acuerdo con su buen juicio y discernimiento al interpretar el derecho aplicable.

Dado a eso, la norma general es que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

**B. Sentencia Sumaria**

Las Regla 36 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 36, instituye el mecanismo de sentencia sumaria a nuestro ordenamiento jurídico. En particular, su función es permitir que cualquiera de las partes pueda mostrar, previo al juicio y luego del descubrimiento de prueba, que no existe una controversia material de hecho que deba ser dirimida en un juicio plenario; y que, por tanto, el tribunal está en posición de aquilatar esa evidencia para disponer del caso ante sí. 32 LPRA Ap. V, R. 36.1-36.2; *Rodríguez Méndez v. Laser Eye,* 195 DPR 769, 784-785 (2016).

En ese sentido, la parte promovente de la solicitud debe demostrar la inexistencia de una controversia de hecho material por medio de una moción fundamentada, mientras que la parte promovida debe mostrar que existe controversia de algún hecho material sobre la totalidad o parte de la causa de acción. *Rodríguez Méndez v. Laser Eye,* supra, pág. 785. Además, la parte promovida no puede descansar en meras afirmaciones contenidas en sus

alegaciones ni tomar una actitud pasiva, sino que está obligada a presentar evidencia que demuestre la existencia de controversia sustancial de hechos. *Íd.* Sin embargo, ninguna de las partes puede enmendar sus alegaciones a través de la presentación de una sentencia sumaria o su oposición. *León Torres v. Rivera Lebrón*, 204 DPR 20, 47 (2020).

Así pues, para que el tribunal pueda adjudicar en los méritos una controversia de forma sumaria, es necesario que de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y cualquier otra evidencia ofrecida, surja que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, procede dictar sentencia sumaria a favor de la parte promovente. 32 LPRA Ap. V, R. 36.3(e).

En cuanto a los hechos esenciales y pertinentes, también conocidos como hechos materiales, son aquellos que pueden afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García*, 212 DPR 671, 679 (2023). Por lo tanto, el tribunal solo podrá dictar sentencia sumaria en los casos en los cuales tenga ante su consideración todos los hechos materiales para resolver la controversia y surja claramente que la parte promovida por el recurso no prevalecerá. *Id.*

Conviene destacar que el Tribunal Supremo ha dispuesto que, el foro apelativo se encuentra en igual posición que el Tribunal de Primera Instancia para evaluar la procedencia de una solicitud de sentencia sumaria. *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1025 (2020). *Meléndez González et al. v M. Cuebas*, 193 DPR 100, 115 (2015). Además, el Alto Foro estableció el estándar específico de revisión que debe utilizar el Tribunal de Apelaciones, a saber: (1) examinar de *novo* el expediente, de la manera más favorable a favor de la parte promovida, y aplicar las disposiciones

de la Regla 36 de Procedimiento Civil, *supra* como su jurisprudencia interpretativa; (2) revisar que la moción de sentencia sumaria y su oposición cumplan con los requisitos de forma codificada en la Regla 36.4 de Procedimiento Civil, *supra;* (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, exponer concretamente los hechos materiales controvertidos e incontrovertidos; y (4) de encontrar que los hechos materiales realmente son incontrovertidos, debe proceder a revisar de *novo* si el foro primario aplicó correctamente el derecho a la controversia. *Meléndez González et al. v M. Cuebas,* supra, págs. 117-119. Además, el foro apelativo en su revisión está limitado a lo siguiente:

> *[P]rimero*, sólo puede considerar los documentos que se presentaron ante el foro de primera instancia. Las partes no pueden añadir en apelación *exhibit*[s], deposiciones o affidávit[s] que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo. *Segundo*, el tribunal apelativo sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. No puede adjudicar los hechos materiales y esenciales en disputa. Esa tarea le corresponde al foro de primera instancia. *Id.,* pág. 114-115.

**C. Servidumbre eléctrica**

En nuestro ordenamiento jurídico, la servidumbre "es el derecho real limitado que recae sobre una finca, denominada finca sirviente, en beneficio de otra finca o de una o varias personas o comunidad individualizadas. Si la relación es entre fincas, la que recibe la utilidad se llama finca dominante." Artículo 935 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 8501. Esto es, la servidumbre es un gravamen impuesto sobre un bien inmueble en beneficio de otro bien, perteneciente a un dueño distinto. Asimismo, nuestro derecho vigente, reconoce una pluralidad de servidumbres con distintas naturalezas y formas de constitución. A esos efectos, las servidumbres pueden ser voluntarias o forzosas. Artículo 938 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 8504. Entendiéndose que, las servidumbres voluntarias son las que se

constituyen por negocio jurídico bilateral o unilateral. *Id.* Mientras que, las servidumbres forzosas son aquellas "cuya constitución puede ser exigida en los casos contemplados en la ley". *Id.*

En atención al caso de marras, la Ley Núm. 143 de 20 de julio de 1979, según enmendada, conocida como *Ley de Servidumbres Legales de Servicio Público* (en adelante, "Ley Núm. 143-1979"), dispone que "tienen carácter de servidumbres legales, continuas y aparentes las servidumbres de servicio público de paso de energía eléctrica […] incluyendo sus equipos, estructuras y accesorios, sean éstas aéreas sobre la superficie o soterradas." 27 LPRA sec. 2151; véase, además, *Ex parte Román Quiles*, 2025 TSPR 45, 215 DPR __ (2025). Por lo que, la servidumbre de energía eléctrica le serán aplicables los principios generales de las servidumbres continuas y aparentes contenidas en el Código Civil de Puerto Rico. 27 LPRA sec. 2152. Entendiéndose que, la servidumbre continua es "aquella cuyo uso es o puede ser incesante sin la intervención humana" y la servidumbre aparente es aquella "que se anuncia y está continuamente a la vista por signos exteriores que tienen una relación objetiva con el uso y el aprovechamiento". Artículo 937 del Código Civil de 2020, 31 LPRA sec. 8503.

Asimismo, la Ley Núm. 143-1979 dispone que "[l]as entidades públicas que rinden los servicios públicos de energía eléctrica […] por las cuales se establecen las servidumbres legales en […] esta ley, aprobarán y promulgarán los reglamentos que regirán el uso y disfrute de dichas servidumbres de conformidad con las necesidades particulares de cada servicio". 27 LPRA sec. 2153; véase, además, *Ex parte Román Quiles*, 2025 TSPR 45, 215 DPR __ (2025).

Con miras a ello, la Autoridad de Energía Eléctrica de Puerto Rico (en adelante, "AEE") promulgó el Reglamento Núm. 7282 del 25 de enero de 2007, conocido como *Reglamento de Servidumbres para la Autoridad de Energía Eléctrica* (en adelante, "Reglamento Núm.

7282"). Este, en el Artículo A de la Sección I, dispone que las servidumbres de energía eléctrica permiten cumplir con los fines y propósitos para los cuales fue creada la AEE. Además, el Reglamento Núm. 7282 en su Artículo A de la Sección IV, se establece que la AEE puede constituir una servidumbre por medio de un documento privado, escritura pública, expropiación forzosa, prescripcion adquisitiva o en virtud de ley. Una vez constituida la servidumbre, el Artículo A de la Sección V del referido reglamento, dispone que la AEE adquiere todos los derechos inherentes al ejercicio de esa servidumbre. De igual forma, el Reglamento Núm. 7282 dispone —en el Artículo D de la Sección V— que la AEE puede modificar la servidumbre otorgando permisos escritos condicionados, siempre que utilice su discreción al hacerlo y garantice la continuidad del servicio. A su vez, los Artículos A y B de la Sección VI del referido reglamento, establecen que el bien inmueble gravado con la servidumbre a favor de la AEE, está limitado por las restricciones y prohibiciones siguientes:

1. Se prohíbe realizar obra o actividad incompatible con los derechos de servidumbre de la Autoridad que pueda deteriorar, destruir o que sea perjudicial al servicio público de energía eléctrica o a su mantenimiento.

2. El dueño de la propiedad gravada puede utilizar su propiedad en todo aquello que no se le restrinja en este Reglamento.

3. Las personas que realicen las obras o actividades que se indican en este Reglamento y que constituyen alteraciones o violaciones del derecho de servidumbre de paso de la autoridad asumen la responsabilidad total por los daños y perjuicios que tales obras o actividades causen a cualquier persona o la propiedad.

Por último, el Reglamento Núm. 7282 reconoce —en el Artículo D de la Sección VI— que construir estructuras o edificaciones sobre las servidumbres es una violación a los derechos que ostenta la AEE sobre estas. Ante la construcción o edificación sobre alguna servidumbre, la AEE deberá notificar por escrito al propietario del inmueble gravado para concederle treinta (30) días

para remover el mismo. *Id.* Transcurrido ese término sin cumplir con la remoción, la AEE podrá iniciar el tramite judicial provisto por la Ley Núm. 140 del 23 de julio de 1974, según enmendada, conocida como *Ley sobre Controversias y Estados Provisionales de Derecho* (en adelante, "Ley Núm. 140-1974). *Id.* El Reglamento Núm. 7282 advierte que aquella persona que construya, instale o ubique cualquier estructura en estas servidumbres sin autorización de la AEE, incurrirá en un delito menos grave. *Id.*

**D. Legitimación Activa**

El principio de justiciabilidad establece que los tribunales podemos evaluar los méritos de los casos si existe una controversia real y genuina entre las partes. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 738 (2022). En ese sentido, los tribunales estamos llamados a intervenir solo en casos justiciables. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017). Así pues, se considera que una controversia no es justiciable cuando:

> (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) *hechos posteriores al comienzo del pleito han tornado la controversia en académica*; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro.

*Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021) (énfasis en el original).

Como corolario a la doctrina de justiciabilidad, es indispensable que los litigantes ostenten legitimación activa. *Hernández, Santa v. Srio. de Hacienda*, supra, págs. 738-739; *P.I.P. v. E.L.A et al*, 186 DPR 1, 11 (2012). Ello consiste en "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". *Hernández, Santa v. Srio. de Hacienda,* supra, pág. 739, citando a *Ramos, Méndez v. García García*, 203 DPR 379, 394 (2019); *Bhatia Gautier v. Gobernador*,

supra, pág. 69. El propósito principal de evaluar la existencia de la legitimación activa estriba en que los tribunales delimiten su propia jurisdicción, y, por consiguiente, eviten adentrarse en la potestad de otras ramas de gobierno, así como de resolver cuestiones hipotéticas. *Hernández, Santa v. Srio. de Hacienda,* supra, pág. 739, citando a *Hernández Torres v. Hernandez Colón et al,* 131 DPR 593, 598 (1992).

De este modo, la parte que solicita la intervención del foro judicial debe demostrar que cumple con los requisitos siguientes:

> (1) sufrió un daño claro y palpable; (2) el daño es real, inmediato y preciso, y no abstracto e hipotético; (3) existe una relación causal razonable entre la acción que se ejercita y el daño alegado, y (4) la causa de acción debe surgir al amparo de la constitución o de alguna ley.

*DACO v. LUMA y otros,* 2025 TSPR 126, 217 DPR __ (2025); *Hernández, Santa v. Srio. de Hacienda,* supra, pág. 739; *Bhatia Gautier v. Gobernador,* supra, pág. 69.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

De entrada, nos parece conveniente señalar que, para propósitos de una mejor comprensión del análisis y discusión, debemos atender de manera individualiza cada recurso. Veamos.

**A. Recurso KLAN202400998**

En el presente recurso, el señor Ramos Melecio hizo tres (3) señalamientos de error. En síntesis, alega que el foro de instancia erró al denegar la solicitud de sentencia sumaria de la causa de acción sobre la servidumbre de luces y vistas, ya que alegadamente fue adjudicado en otros casos administrativos y judiciales.

Nótese que, el dictamen que se presente revisar, aunque titulado como *Sentencia Parcial,* deniega una solicitud de sentencia sumaria en cuanta a una de las causas de acción. Esto es, el foro primario mantuvo viva la causa de acción relacionada a la

servidumbre de luces y vistas para que continuara los procedimientos ante su consideración.

Ante esto, puntualizamos que en la medida en que el recurso KLAN202400998 versa sobre la denegatoria de una moción de carácter dispositivo, lo acogemos como *Certiorari* y conservamos su actual identificación alfanumérica para propósitos administrativos.

Sin embargo, tras examinar el expediente de epígrafe a la luz de lo estatuido en la Regla 52.1 de Procedimiento Civil, *supra*, colegimos que no encontramos que el foro de instancia haya errado en la aplicación de la norma jurídica pertinente, de manera tal, que nos sea forzoso revocarle. Tampoco surge del expediente —ni el peticionario no ha demostrado— que el foro de Instancia haya actuado bajo pasión, prejuicio o parcialidad o algún error manifiesto. Además, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento.

En consecuencia, a tenor con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* colegimos que no existe criterio jurídico que amerite nuestra intervención en esta etapa de los procedimientos.

### B. Recurso KLAN202401001

Primero, nos corresponde atender la *Moción de Desglose* que presentó el señor Ramos Melecio sobre el Informe Pericial que fue anejado al recurso KLAN202401001. En la medida que la señora Torres Rivera admitió que el mencionado informe no fue presentado ni estuvo ante la consideración del foro de instancia, ordenamos el desglose de este.

Ahora procedemos a examinar el único señalamiento de error planteado en el caso de epígrafe. En esencia, la señora Torres Rivera alega que el foro de instancia erró al determinar que ella no tiene

legitimación activa para instar una reclamación sobre una alegada violación a la servidumbre eléctrica de la AEE por parte del señor Ramos Melecio. No tiene razón. Veamos.

Dado que el dictamen apelado dispuso sumariamente la causa de acción de la servidumbre eléctrica, debemos examinar lo siguiente: (i) si la solicitud de sentencia sumaria y su respectiva oposición cumplió con los requisitos de forma que exigidos por la Regla 36 de Procedimiento Civil, *supra*; y (ii) si existe una controversia de hechos que impida la resolución sumaria y, de responder en la negativa, revisar *de novo* la aplicación del derecho pertinente a la controversia.

Al hacerlo así, concluimos que el señor Ramos Melecio cumplió con los requisitos de forma establecidos por nuestras reglas. Observamos que este —en su *Solicitud de sentencia sumaria*— incluyó una relación enumerada de todos los hechos esenciales y pertinentes sobre los que alegó eran incontrovertidos junto a su evidencia en apoyo. De otro lado, la señora Torres Rivera instó su *Oposición a sentencia sumaria*, en la cual mostró su posición sobre cada hecho propuesto por el señor Ramos Melecio. Sin embargo, nos percatamos que en algunos hechos adjuntó evidencia documental con el fin de controvertirlos, pero en otros no adjuntó ninguna.

Luego de ejercer nuestra función revisora, advertimos que en el presente litigio no existen controversias de hechos que impidan la resolución sumaria parcial de la controversia. Tampoco encontramos que el foro primario haya errado en la aplicación de la norma jurídica pertinente, de manera tal, que nos sea forzoso revocarle. Repasemos.

Conforme explicamos en el acápite II de esta *Sentencia*, tanto la Ley Núm. 143-1979 como el Reglamento Núm. 7282, reconocen que la AEE tiene todos los derechos inherentes al ejercicio de la

servidumbre de energía eléctrica. Asimismo, la legislación mencionada dispone que la AEE es la encargada de reglamentar el uso y disfrute de ese derecho real. Al así hacerlo, la AEE se obligó a que, ante la violación de alguna de la servidumbre de las que ostenta, notificaría al propietario del bien inmueble gravado y le concedería treinta (30) días para remover la construcción o edificación en cuestión. Esto es, la AEE promulgó un proceso administrativo a través de su Reglamento Núm. 7282 para atender, reclamar y proteger su derecho a la servidumbre de energía eléctrica. No obstante, ante el incumplimiento de sus órdenes, la AEE puede iniciar un procedimiento judicial conforme a la Ley Núm. 140-1974.

Indudablemente, tras considerar lo anterior, la AEE es quien tiene legitimación activa para iniciar un proceso judicial para reivindicar su derecho a la servidumbre de energía eléctrica, ya que así lo reconoce la propia legislación. Vale señalar que del expediente se desprende que, LUMA le había notificado al señor Ramos Melecio una posible invasión a los derechos de servidumbre de paso de la AEE y una violación al despeje de la propiedad en cuestión en relación con el servicio eléctrico. Véase, SUMAC-TPI, entradas núm. 65, 70 y 74. Le advirtió, además, que lo anterior creaba una situación de alta peligrosidad para la vida y la propiedad. *Id.* En esa misma comunicación, LUMA le concedió treinta (30) días al señor Ramos Melecio para que removiera la referida invasión so pena de dar por terminado el servicio de energía y le advirtió que era responsable de cualquier daño causado a raíz de la mencionada invasión. *Id.* Asimismo, consta en el expediente que LUMA detuvo el trámite administrativo en lo que el foro de instancia adjudicaba el caso de epígrafe. Véase, SUMAC-TPI, entrada núm. 70. No obstante, tras dictarse la *Sentencia Parcial* apelada, LUMA informó que continuaría con el proceso de invasión a los derechos de servidumbre de paso de la AEE. *Id.*

Por tanto, resulta forzoso concluir que la señora Torres Rivera carece de legitimación activa para reclamar un derecho que le pertenece a la AEE. Ello, en la medida que la señora Torres Rivera no es la titular del derecho de servidumbre eléctrica, sino la AEE. Nos parece que los fundamentos por lo que alcanzamos esta conclusión están muy bien enunciados en la *Sentencia Parcial* de la manera siguiente:

> Del Reglamento Núm. 7282 surge claramente que es la AEE y suponemos también LUMA, que son las agencias que atienden violaciones a servidumbres, si una parte cree que existe una violación a la servidumbre eléctrica debe presentar su queja ante estas agencias para que ellas atiendan el asunto y resuelvan si existe o no violación. De los hechos no surge que la demandante haya contactado a las agencias antes mencionadas para que estas agencias resuelvan, por lo que esta no puede alegar tener legitimidad para demandar por estas agencias u obligarlas mediante el tribunal a resolver un asunto que nunca se les presentó para resolverlo. Por otro lado, la demandante no demuestra que la violación le cause algún daño, por lo que, incluso, bajo este supuesto, la señora Torres no tendría legitimidad, ya que la servidumbre ni le pertenece a ella ni sufre daño por la alegada violación. En consecuencia, debemos desestimar esta causa de acción, con perjuicio.

Véase, SUMAC-TPI, entrada núm. 53, pág. 6.

Debido a que la alegada violación a la servidumbre eléctrica no se traduce y ni siquiera se alega que haya ocasionado un daño concreto y palpable, colegimos que la señora Torres Rivera carece de legitimación activa para reclamar una violación a la servidumbre eléctrica. Vale señalar que, la ley autoriza directamente a la AEE a reclamar y reivindicar los derechos de su servidumbre. Por tanto, es la AEE quien tiene legitimación activa para presentar una causa de acción sobre la violación de servidumbre eléctrica.

En fin, concluimos que el señalamiento de error del KLAN202401001 no fue cometido.

**-IV-**

Por los fundamentos expuestos previamente, se **acoge** como *Certiorari* y se **deniega** la expedición del recurso KLAN202400998. De otro lado, se **confirma** la *Sentencia Parcial* apelada en el recurso KLAN202401001.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones